Roland RAY, et al.

v.

The AMERICAN NATIONAL RED CROSS, et al., Petitioner.

No. 90–8041.

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 1990.

Bruce M. Chadwick and Fern P. O'Brian, Washington, D.C., for petitioner.

Michael H. Feldman and Christopher V. Tisi, Washington, D.C., for respondent.

Before MIKVA, RUTH BADER GINSBURG and THOMAS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The American National Red Cross ("Red Cross") petitions this court to accept an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] Because the district court cer-

---

[1]. Section 1292(b) authorizes a district court to certify that an interlocutory order entered in a civil action "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Upon application within ten

tified only a question of law on which it sought our opinion, rather than an order amenable to interlocutory review under section 1292(b), we deny the petition for permission to appeal.

## I.

Roland and Janet Ray, husband and wife, filed suit against the Red Cross in the Superior Court of the District of Columbia. Seeking damages for themselves, and as representatives of an alleged class, plaintiffs asserted that Roland Ray contracted the human immunodeficiency virus ("HIV") from blood products supplied by the Red Cross. The Red Cross removed the action to federal district court invoking 28 U.S.C. § 1441(a),[2] and alleging federal subject matter jurisdiction under the Red Cross charter, codified at 36 U.S.C. § 2. The Rays moved, pursuant to 28 U.S.C. § 1447(c),[3] to remand the case to D.C.Superior Court on the ground that federal jurisdiction was lacking. The Red Cross opposed remand and requested that the district court retain the case, but certify the question of federal jurisdiction for interlocutory review under 28 U.S.C. § 1292(b).

In a memorandum order filed October 19, 1990, the district court followed the course Red Cross proposed. The district judge observed that the question "whether 36 U.S.C. § 2 confers ... original federal subject matter jurisdiction" has been the subject of substantial division among numerous district courts, and is currently on appeal in the First and Eighth Circuits. *See Ray v. American National Red Cross,* C.A. No. 90–1882, mem. op. at 2–3 (D.D.C. Oct. 19, 1990) (citing cases). The judge further stated that "[t]he conflicting deci-

sions of the districts make the instant case one of those limited situations which cry out for certification" to this court. *Id.* at 5. Accordingly, the district court granted the Red Cross's motion "to certify the jurisdiction question," and "respectfully request[ed]" this court to "accept certification of an interlocutory review pursuant to 28 U.S.C. § 1292(b)." *Id.*

## II.

"The basic requirement of an interlocutory appeal under [section] 1292(b) is that the district court have made an order. The statute does not contemplate that a district judge may simply certify a question without first deciding it." 16 C. WRIGHT, A. MILLER, E. COOPER, & E. GRESSMAN, FEDERAL PRACTICE AND PROCEDURE § 3930, at 156 (1977) [hereinafter WRIGHT & MILLER]; *see also Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1002 n. 2 (D.C.Cir.1986) (Section 1292(b) "explicitly provides ... that the appeal is from an *order* of the district court, not from the particular question that the district court found controlling.") (emphasis in original), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 677 (1987).

Responding to the Red Cross plea, the district court in this case refrained from resolving the jurisdictional question.[4] Instead, the court simply framed the issue, noted the substantial disagreement among various district courts that had considered it, and determined that, in light of these conflicting decisions, certification for interlocutory review was appropriate. An order amenable to review under section 1292(b) is therefore lacking.

---

days of the order's entry, the court of appeals may exercise its discretion to "permit an appeal to be taken from such order." *Id.*

2. 28 U.S.C. § 1441(a) permits a defendant to remove from state court to federal court "any civil action ... of which the district courts of the United States have original jurisdiction."

3. 28 U.S.C. § 1447(c) requires remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

4. The district court had confronted this precise legal issue in a prior case, however, and concluded that federal subject matter jurisdiction was lacking. *See Walton v. Howard University,* 683 F.Supp. 826 (D.D.C.1987). The court in *Walton* remanded the action to D.C. Superior Court, from which it had been removed. *Id.* at 832. *See also Okoro v. Children's Hospital,* C.A. No. 87–2114, 1988 WL 168531 (D.D.C. July 12, 1988) (following *Walton* and remanding case to Superior Court for lack of federal jurisdiction under Red Cross charter).

In requesting the district court to certify the jurisdictional question for interlocutory appeal, the Red Cross sought to avoid the statutory prohibition against appeal from a remand order. *See* 28 U.S.C. § 1447(d).[5] Congress, however, did not provide for the attempted enlargement of 28 U.S.C. § 1292(b) or circumvention of 28 U.S.C. § 1447(d).[6] The district court was constrained either to conclude, contrary to its decision in *Walton, see supra* note 4, that the Red Cross charter supported federal jurisdiction,[7] or to follow *Walton* and grant the motion for remand, foreclosing appellate review. *See* 16 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3931, at 178–79 & n. 26 (1977) (remarking on procedural quandary but ultimately cautioning against "undesirable evasion of the prohibition of review embodied in [section 1447(d)]").

Because no order amenable to appeal under section 1292(b) has been entered in this case, permission to appeal is denied.

*It is so ordered.*

---

**5.** Under section 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

**6.** *Cf.* 28 U.S.C. § 1254(2) (providing for certification by court of appeals to Supreme Court of

questions of law on which "instructions are desired").

**7.** If the district court had so ruled, the Red Cross, as prevailing party, would not have qualified as a proper appellant.