Michael VAN METER, Appellant,

v.

**William P. BARR, in his capacity as Attorney General of the United States, Appellee.**

No. 92–5046.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 11, 1992.

Decided Sept. 15, 1992.

Joseph M. Sellers, with whom David J. Shaffer, Elizabeth M. Singer, Washington, D.C., David Marc Kairys, Philadelphia, Pa., and Steven A. Berliner, Los Angeles, Cal., were on the brief, for appellant.

Stuart M. Gerson, Asst. Atty. Gen., with whom Jay B. Stephens, U.S. Atty., Robert S. Greenspan and Jonathan R. Siegel, Attys., Washington, D.C., were on the brief for appellee. William Kanter, Washington, D.C., entered an appearance for appellee.

Stephen J. Pollak, with John Townsend Rich, Washington, D.C., were on the brief for amici curiae.

Before: EDWARDS, HENDERSON and RANDOLPH, Circuit Judges.

ORDER

PER CURIAM.

This cause was heard pursuant to an interlocutory appeal taken under 28 U.S.C. § 1292(b) (1988) from an order issued by the United States District Court for the District of Columbia in connection with its memorandum opinion in *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991). Upon consideration of the question certified by the District Court, along with the parties' briefs and the oral arguments of counsel before this court, it is

ORDERED and ADJUDGED that the certification was improvidently granted and, therefore, this interlocutory appeal is hereby dismissed. The only basis for certification was to avoid having a wasted trial on the merits. That basis of certification has been removed, for this court has been advised that a trial on the merits of this case is scheduled to begin Tuesday, September 15, 1992. Thus, a decision by this court on the certified issue will not materially advance the ultimate termination of the litigation. *See Ray v. American Nat'l Red Cross*, 921 F.2d 324, 324–25 & n. 1 (D.C.Cir.1990) ("Because the district court certified only a question of law on which it sought our opinion, rather than an order amenable to interlocutory review under section 1292(b), we deny the petition for permission to appeal."); 16 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3930 (1977) (interlocutory appeal pursuant to § 1292(b) not permitted if "the litigation would be conducted in the same way no matter how [the question] were decided").

In rendering this decision, we make it clear that this dismissal is without prejudice, and that the questions presented to this panel may be raised on appeal at the

conclusion of trial and upon final judgment of the District Court.