

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-24-1998

# Feidt v. Owens Corning

Precedential or Non-Precedential:

Docket 97-5177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

## Recommended Citation

"Feidt v. Owens Corning" (1998). *1998 Decisions.* Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 24, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5177

GERALD E. FEIDT, JR.; ARLENE FEIDT, his wife

v.

OWENS CORNING FIBERGLAS CORPORATION; ABEX
CORPORATION; ACANDS, INC.; ALLIEDSIGNAL, INC.;
AMCHEM PRODUCTS, INC.; ANCHOR PACKING
COMPANY; A.P. GREEN INDUSTRIES, INC.; ARMSTRONG
WORLD INDUSTRIES, INC.; BABCOCK & WILCOX
COMPANY; COMBUSTION ENGINEERING, INC.;
FLEXITALLIC GASKET COMPANY; FLINTKOTE COMPANY;
FOSTER WHEELER CORPORATION; GAF CORPORATION,
in itself and successor to RUBEROID CORPORATION;
GARLOCK, INC.; GENERAL ELECTRIC CORPORATION;
INGERSOLL-RAND COMPANY; LEAR SIEGLER
DIVERSIFIED HOLDINGS CORPORATION; PITTSBURGH
CORNING CORPORATION, in itself and as successor to
UNARCO; PPG INDUSTRIES, INC., as alter ego and/or
successor to PITTSBURGH CORNING CORPORATION;
RAPID AMERICAN CORPORATION, in itself and as
successor to PHILIP CAREY MANUFACTURING COMPANY;
TURNER & NEWALL, LTD; UNIROYAL, INC.; CBS
CORPORATION; WESTINGHOUSE ELECTRIC SUPPLY
CORPORATION; WORTHINGTON PUMP CORPORATION;
JOHN CORPORATIONS, (1-50)

       *CBS Corporation,

       Appellant
       *Pursuant to Rule 43(b),
       F.R.A.P.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 96-4349)

Argued August 3, 1998

BEFORE: GREENBERG, SCIRICA, and NYGAARD,
Circuit Judges

(Filed August 24, 1998)

        Thomas F. Marshall
        Law Office of Thomas F. Marshall
        100 High Street
        The Washington House
        Mount Holly, NJ 08060

        David P. Callet (argued)
        Cindy M. Bryton
        Akin, Gump, Strauss, Hauer & Feld
        1333 New Hampshire Avenue, N.W.
        Washington, DC 20036

         Attorneys for Appellant

        Joshua M. Spielberg (argued)
        Franklin P. Solomon
        Tomar Simonoff Adourian O'Brien
        Kaplan Jacoby & Graziano
        20 South Brace Road
        Cherry Hill, NJ 08034

         Attorneys for Appellees,
         Gerald E. Feidt, Jr. and
         Arlene Feidt

        Bruce S. Haines
        Hangley, Aronchick, Segal & Pudlin
        One Logan Square
        12th Floor
        Philadelphia, PA 19103

         Attorneys for Appellee,
         Uniroyal, Inc.

2

          David B. Siegel
          Robert L. Willmore
          Karen D. Burke
          Crowell & Moring
          1001 Pennsylvania Avenue, N.W.
          Washington, DC 20004-2505

           Attorneys for amicus
           curiae E.I. duPont de
           Nemours and Company
           in support of appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

Appellant CBS Corporation, which during the time relevant to this appeal was known as Westinghouse Electric Corporation ("Westinghouse"), appeals from the district court order entered January 10, 1997, remanding this matter to state court.1 According to Westinghouse, the district court erred in remanding the case because its petition properly invoked removal jurisdiction under 28 U.S.C. S 1442(a)(1). Inasmuch as 28 U.S.C. S 1447(d) bars our exercise of appellate jurisdiction over the remand order, we will dismiss this appeal.

The germane facts and procedural history are as follows. Gerald Feidt and his wife, Arlene Feidt, filed this products liability suit against various defendants including Westinghouse in the Superior Court of New Jersey, Camden County, on July 9, 1996. Feidt alleged that, while working aboard the U.S.S. Enterprise at the Newport News Ship Building and Dry Dock Company, he was exposed to asbestos products including insulation on turbines

_____

1. On March 16, 1998, the clerk of this court granted CBS's motion to change the caption so that it, rather than Westinghouse, is the appellant. Nevertheless, as a matter of convenience, we will refer to Westinghouse as the appellant.

manufactured by Westinghouse. The complaint asserted that Feidt's exposure to asbestos caused him to suffer from malignant mesothelioma, a fatal cancer of the lining of the lung. Feidt died from this condition during the pendency of this action.

On September 13, 1996, Westinghouse removed this action to the United States District Court for the District of New Jersey pursuant to section 1442(a)(1), which is commonly referred to as the federal officer removal statute. Subsequently, Feidt filed a motion to remand in the district court. The court granted the motion, filing a letter opinion and order (1) remanding the case to state court; and (2) certifying the issue for an interlocutory appeal pursuant to 28 U.S.C. S 1292(b). In its opinion, the district court construed the complaint against Westinghouse as being based solely on its failure to warn persons exposed to its product of the dangers of exposure to asbestos. The district court stayed the remand and all other proceedings until the first of the following events: all the parties failed to apply within ten days to this court to entertain the appeal; this court adjudicated or refused to entertain the appeal; or a party showed good cause for the vacation of the stay.

Westinghouse then filed a timely petition for permission to appeal the remand order which we granted on March 26, 1997. Westinghouse acknowledges that section 1447(d) bars this court from reviewing the district court's order to the extent it remands Feidt's claims against Westinghouse which allege a failure to warn. Br. at 7 n.3. However, Westinghouse argues that Feidt asserted design defect, manufacturing defect, and breach of warranty claims, based not only on Westinghouse's failure to warn but also on other conduct. Westinghouse contends that Feidt's assertion of these non-failure to warn claims, which it argues that the district court ignored, made this case removable under section 1442(a)(1). It reasons that the district court, by ignoring these claims, failed to discharge its duty to consider all bases for the exercise of jurisdiction under section 1442(a)(1), thus rendering the jurisdictional bar in section 1447(d) inapplicable.

4

II. DISCUSSION

Except for civil rights cases removed pursuant to 28 U.S.C. S 1443, section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Although this bar to the reviewability of remand orders appears broad and unyielding, the courts have carved various exceptions from it and therefore will review certain remand orders.

Most notably, 28 U.S.C. S 1447(c) limits the jurisdictional bar of section 1447(d) so that only those "remand orders issued under S 1447(c) and invoking the grounds specified therein . . . are immune from review under S 1447(d)." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346, 96 S.Ct. 584, 590 (1976), abrogated on other grounds, (1996); see also Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 97 S.Ct. 1439 (1977). Section 1447(c) provides for remand on the basis of either a procedural defect or lack of jurisdiction; thus, section 1447(d) prohibits review of remand orders based on the district court's finding of either of those conditions. Moreover, section 1447(d) prohibits review of remand orders "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron, 423 U.S. at 343, 96 S.Ct. at 589.

Accordingly, we repeatedly have held that section 1447(d) bars review of remand orders based upon the types of subject matter jurisdictional issues which district courts routinely make under section 1447(c). See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 749 (3d Cir. 1995); Carr v. American Red Cross, 17 F.3d 671, 682 (3d Cir. 1994); Aliota v. Graham, 984 F.2d 1350, 1357 (3d Cir. 1993); In re TMI Litig. Cases Cons. II, 940 F.2d 832, 844 (3d Cir. 1991); see also Hudson United Bank v. Litenda Mortgage Corp., 142 F.3d 151, 155 (3d Cir. 1998). Thus, in In re TMI, we noted "that the subject matter jurisdictional inquiry contemplated by section 1447(c) is limited to the question of whether Congress intended that the types of actions at issue be subject to removal." In re TMI, 940 F.2d at 846.

We conclude that the district court made such a determination and therefore remanded the case because it

5

found that a basic element of removal jurisdiction was lacking. Consequently, section 1447(d) precludes our review of the remand order.

As we have indicated, Westinghouse removed this case pursuant to section 1442(a)(1), the federal officer removal statute, which permits a federal officer, or person acting under such an officer, to remove to federal court any action brought against him in state court for conduct performed under federal direction. To establish removal jurisdiction under section 1442(a)(1), a defendant such as Westinghouse must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff 's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office. See Mesa v. California, 489 U.S. 121, 129, 109 S.Ct. 959, 965 (1989); Willingham v. Morgan, 395 U.S. 402, 409, 89 S.Ct. 1813, 1817 (1969).

The district court held that

> [a] fair reading of the Complaint and the activities of Westinghouse alleged on the record generated before this Court demonstrates that plaintiffs' claims against Westinghouse are predicated solely upon the defendant's failure to warn persons such as the plaintiff . . . of the dangers of contact with asbestos–laden thermal insulation used with the turbines which Westinghouse manufactured. While different claims on different bases are asserted against other defendants, this is the sole potentially viable claim against Westinghouse.

Slip op. at 3 (emphasis added). Based upon this construction of the complaint and its understanding of the record, the district court analyzed the requirements of the federal officer removal statute with reference only to claims against Westinghouse based upon its alleged failure to warn.

The district court found that Westinghouse was acting under the direction, control and supervision of an officer of the United States and presented a colorable claim to the

6

government contractor defense. However, the district court found that removal was inappropriate because Westinghouse failed to establish the necessary causal connection between the conduct upon which Feidt's claim of state law liability was based -- the failure to warn -- and the conduct Westinghouse allegedly performed under federal direction -- its federal military contract obligations. In particular, the district court held that Westinghouse did not present evidence that the Navy prohibited it from issuing warnings with respect to the use of asbestos insulation.

After finding that Westinghouse's removal petition did not establish the requisite causal connection for federal officer removal jurisdiction, the district court approved the policy analysis in Good v. Armstrong World Indus., Inc., 914 F. Supp. 1125, 1131 (E.D. Pa. 1996). In particular, the district court quoted the section of Good in which the court found that the litigation in federal court of the government contractor defense would not further the purposes underlying the federal officer removal statute, namely the threat to the enforcement of the implementation of a federal policy and the concern for state court manipulation of federal defenses. See Good, 914 F. Supp. at 1131. The district court found that this conclusion was valid in this case and further supported its remand determination.

Westinghouse makes two arguments that the district court did not base its remand order upon one of the two grounds enumerated in section 1447(c), and that therefore section 1447(d) does not prohibit our review. First, Westinghouse contends that the district court did not base its remand order upon a routine jurisdictional decision issued under section 1447(c) because the court "ignored" the design defect, manufacturing defect, and breach of warranty claims in Feidt's complaint which were based on conduct other than the failure to warn. Westinghouse therefore concludes that the district court did not make a jurisdictional determination with respect to Westinghouse's non-failure to warn claims. Second, Westinghouse contends that the district court remanded the case for policy rather than jurisdictional reasons.

7

Section 1447(d), in prohibiting review of remand orders, contemplates that district courts may err in remanding cases. See Thermtron, 423 U.S. at 342, 96 S.Ct. at 589; Liberty Mutual, 48 F.3d at 750. Indeed, "[n]o matter how faulty we might consider the district court's reasoning or methods, section 1447(d) prohibits us from reviewing an action the district court was empowered to take, and one that Congress intended to be final." Liberty Mutual, 48 F.3d at 750-51.2 The district court's authority, indeed obligation, to determine whether a removal petition properly invokes its removal jurisdiction necessarily includes the authority to construe the complaint upon which the court makes its determination. Upon review of the district court decision, we find that the district court made a good-faith construction of the complaint and examination of the record and then concluded that it lacked subject matter jurisdiction. See Archuleta v. Lacuesta, 131 F.3d 1359, 1363 (10th Cir. 1997) (reviewing district court's remand order to determine actual grounds for remand rather than accepting the court's reference to section 1447(c) or assertion of subject matter jurisdiction as rationale).

Westinghouse's argument that the court disregarded some of Feidt's claims cannot change our result, as it was the court's duty to construe the complaint to ascertain the nature of Feidt's claims and clearly it did exactly that. At worst, the court made a mistake. This case certainly does not involve a situation in which the district court recited that it was remanding the case for lack of jurisdiction when its motive was otherwise. Therefore, we find that the district court's decision is a routine jurisdictional determination under section 1447(c), which section 1447(d) precludes us from reviewing. Because section 1447(d) contemplates that a district court may err in making a nonreviewable jurisdictional determination, we render no opinion regarding the proper construction of the complaint.3

_____

2. It would be bizarre to hold that a court of appeals could review a remand order only if erroneous, as in that circumstance the jurisdictional determination would be a merits determination.

3. Although we render no opinion regarding the accuracy of the district court's construction of the complaint, we note that Feidt has represented

We now turn to Westinghouse's second argument, namely, that because the district court based its remand order upon policy considerations, the court did not issue its remand order pursuant to section 1447(c) and, therefore, section 1447(d) does not bar this appeal. It is clear that policy considerations such as an overcrowded docket and judicial economy are not valid bases for remand under section 1447(c). See Thermtron, 423 U.S. at 345-46, 96 S.Ct. at 590; see also Quackenbush, 517 U.S. at 712, 116 S.Ct. at 1718 (holding that a remand order based upon abstention principles is not barred from appellate review by section 1447(d) because an "abstention-based remand order does not fall into either category of remand order described in S 1447(c)"); Archuleta, 131 F.3d at 1363 (noting that policy considerations such as judicial economy and the plaintiff 's choice of forum are not in themselves valid bases for remand under section 1447(c)); see also Ryan v. State Bd. of Elections, 661 F.2d 1130, 1133 (7th Cir. 1981) (noting that a properly removed case may not be remanded for discretionary reasons under section 1447(c)); Elrad v. United Life & Accident Ins. Co., 624 F. Supp. 742, 743-44 (N.D. Ill. 1985) (citing Thermtron as holding that the district court may not remand for discretionary or policy reasons). However, the district court's mere mention of such considerations in the course of its discussion of its lack of jurisdiction does not automatically render the remand order appealable where the policy rationale is not the sole reason for remand. See Archuleta, 131 F.3d at 1363.

As we discussed above, after finding that Westinghouse's

_____

to this court and the district court that the gravamen of his complaint against Westinghouse is a liability claim based upon Westinghouse's failure to warn. Nevertheless, the district court did not base its jurisdictional conclusions on an attempt by Feidt to narrow his complaint. See Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). In any event, if Feidt asserts in state court that liability should be imposed against Westinghouse based upon conduct other than its failure to warn, our opinion should not be understood to preclude Westinghouse from filing a second notice of removal pursuant to 28 U.S.C. S 1446(b). At that time, Westinghouse would have the opportunity to present its arguments regarding removal jurisdiction with respect to those claims.

removal petition did not establish the requisite causal connection, the district court noted that removal in this case did not further the policies and purposes of section 1442(a)(1). This policy discussion was not necessary because, after finding that Westinghouse's removal petition failed to establish the causal nexus required under section 1442(a)(1), the district court was obligated to remand the case for lack of jurisdiction under section 1447(c). The discussion of the underlying policies therefore was not determinative, and this case is distinguishable from Thermtron, in which the district court remanded the case solely because of its overcrowded docket.4

Finally, we reject Westinghouse's suggestion that, because the district court certified the district court jurisdictional issue pursuant to 28 U.S.C. S 1292(b), and we granted leave to appeal, the analysis of the effect of section 1447(d) somehow should be different from an analysis made in an appeal under 28 U.S.C. S 1291. The district court certified the ultimate jurisdictional issue involved in this case: "Was the present action removable by the defendant Westinghouse pursuant to 28 U.S.C. S 1442(a)(1)?" Thereafter, we granted Westinghouse's petition for permission to appeal.

Westinghouse cites no case law to support a holding that the bar of section 1447(d) does not apply where a district court certifies the order pursuant to 28 U.S.C. S 1292(b) and a court of appeals grants leave to appeal. In fact, there is much authority that the certification of such an issue is inappropriate and does not circumvent the section 1447(d) jurisdictional bar. See In re TMI, 940 F.2d at 846 (suggesting in dicta that review under section 1292(b) would not be available);5 Krangel v. General Dynamics

_____

4. However, we recognize that a policy analysis is sometimes part of statutory interpretation. In the circumstances, we have no need to consider whether the policy discussion really was nothing more than an explication of the meaning of section 1442(a)(1) and thus could be regarded as part of the jurisdictional analysis.

5. In In re TMI, after the district court certified an issue for appeal under section 1292(b), we granted leave to appeal. See In re TMI, 940 F.2d at 836. However, In re TMI is distinguishable from this appeal and does not

10

Corp., 968 F.2d 914, 916 (9th Cir. 1992) (holding that
section 1447(d) precluded it from granting a section 1292(b)
petition for permission to appeal); Ray v. American Nat'l
Red Cross, 921 F.2d 324, 326 (D.C. Cir. 1990) (same); In re
Bear River Drainage Dist., 267 F.2d 849, 851 (10th Cir.
1959) (holding that section 1292(b) does not apply to allow
an appeal otherwise precluded by section 1447(d)); In re
Rosenthal-Block China Corp., 278 F.2d 713, 714 (2d Cir.
1960) (citing In re Bear River with approval).

Moreover,

> a statute dealing with a narrow, precise, and specific
> subject is not submerged by a later enacted statute

_____

alter our conclusion that certification and permission to appeal under
section 1292(b) does not circumvent the jurisdictional bar of section
1447(d).

In In re TMI, the plaintiffs instituted suits in state court which became
subject to the Price-Anderson Amendments Act, 42 U.S.C. S 2011 et seq.,
which created an express federal claim for nuclear accidents. See id. at
835. Such claims were subject to removal pursuant to 28 U.S.C.
S 2210(n)(2), and the defendants thereby removed the case to federal
court. See id. at 835, 837. The In re TMI district court found that the
Act
was unconstitutional, and therefore the court did not have subject
matter jurisdiction over the claim. See id. at 837-38. Thus, the district
court remanded the case to the state court. See id. at 838. The district
court then certified the issue of whether the Act was unconstitutional for
immediate appeal to this court pursuant to section 1292(b). See id. In
that case, we held that the district court's remand order was reviewable
because the district court's decision was not a routine jurisdictional
inquiry into the satisfaction of the removal requirements. See id. at 844.

Here, the district court certified the question of whether Westinghouse
had satisfied the jurisdictional requirements of the federal removal
statute. Thus, the certification and permission for appeal under section
1292(b) in this case concerns the very issue which Congress has
precluded a court of appeals from reviewing -- whether a district court
erred in finding that a defendant did not satisfy the elements for removal
under the applicable statute. Thus, where section 1447(d) would
preclude this court from reviewing the remand question concerned,
certification and permission to appeal under section 1292(b) are
improper. This result is consistent with In re TMI where section 1447(d)
did not bar appellate jurisdiction over the issue certified.

11

> covering a more generalized spectrum. `Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.'

Rodzanower v. Touche Ross & Co., 426 U.S. 148, 153, 96 S.Ct. 1989, 1992 (1976) (quoting Morton v. Mancari, 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2483 (1974)); see also In re Guardianship of Penn, 15 F.3d 292, 296 (3d Cir. 1994). Section 1447(d) prohibits review of a particular type of district court order, namely a remand order under section 1447(c), whereas section 1292(b) is a more general grant of appellate jurisdiction. Thus, the jurisdictional bar of section 1447(d) trumps the power to grant leave to appeal in section 1292(b).

Finally, we point out that our Internal Operating Procedures provide that while a motions panel "may grant a motion to dismiss an appeal" for lack of jurisdiction, if a motions panel does not grant such a motion it refers the motion "without decision and without prejudice" to the merits panel. See I.O.P. 10.3.5. By a parity of reasoning, an order of a motions panel granting leave to appeal should not bar a merits panel from examining this court's jurisdiction.

III. CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit