

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Estate of Renee A. D v. Barbara Burns

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Estate of Renee A. D v. Barbara Burns" (2009). *2009 Decisions.* Paper 1332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1357

_____

ESTATE OF RENEE A. DEFINA

v.

BARBARA BURNS,
                               Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 08-cv-04457)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted for Possible Dismissal due to Jurisdictional Defect, Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR
27.4 and I.O.P. 10.6

_____

No. 09-1823

_____

IN RE:  BARBARA R. BURNS,
                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 08-cv-04457)

_____

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed  May 21, 2009)

_____

OPINION

_____

PER CURIAM

Barbara Burns, proceeding <u>pro se</u>, appeals an order of the District Court remanding an action filed against her to New Jersey state court.  Burns also has filed a petition for a writ of mandamus or prohibition seeking to compel the District Court to entertain the action, which she removed from state court.  The appeal and petition have been consolidated for disposition.  Because we lack jurisdiction to review the District Court's remand order, we will dismiss both Burns's appeal and her petition.

The Estate of Renee A. DeFina, through its executor, filed an action against Burns in New Jersey state court to determine the parties' interests in a condominium.  The Estate sought the discharge of a lis pendens that Burns had filed against the title to the property.  The Estate also sought an order directing Burns to remove her personal property from the condominium.  Burns removed the action to District Court pursuant to 28 U.S.C. § 1441(a) based on diversity jurisdiction.  The District Court remanded the action to state court, concluding that Burns had not established diversity jurisdiction.  Burns filed a motion for reconsideration, which the District Court denied.  Although Burns asserted

2

that she lived in Minnesota, the District Court found that Burns had established a domicile in New Jersey, the same state of citizenship as the Estate.  Burns appealed and also filed a petition for a writ of mandamus or prohibtion seeking review of the remand order.

Under 28 U.S.C. § 1447(c), the district court shall remand a case removed from state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.  Section 1447(d) bars review of remand orders that are made under § 1447(c) and invoke the grounds specified therein, unless the order remanded the case to the state court from which it was removed pursuant to 28 U.S.C. § 1443.  Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 126 (3d Cir. 1998).[1]  This bar applies not only to direct appeals of such orders, but also to petitions for writs of mandamus or prohibition seeking review of a remand order.  Thermtron Products Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976), abrogated on other grounds, Quackenbush v. Allstate Inc. Co., 517 U.S. 706 (1996); Feidt, 153 F.3d at 126.

Here, the District Court's remand order was based on its lack of subject matter jurisdiction.  We are thus precluded from reviewing the order pursuant to 28 U.S.C. § 1447(d).  Although Burns asserts in her response to possible dismissal of her appeal that

_____

[1]Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."  28 U.S.C. § 1447(d).

3

the District Court's order is reviewable because she removed the state court action pursuant to the civil rights provision of 28 U.S.C. § 1443,[2] her notice of removal states that she removed the action pursuant to § 1441(a) based on diversity of citizenship. In addition, Burns did not seek to invoke the District Court's original jurisdiction over a civil rights claim. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d Cir. 1995).

Accordingly, we will dismiss Burns's appeal and her petition for a writ of mandamus or prohibition for lack of jurisdiction.[3]

---

[2]Section 1443 allows removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).

[3]Burns's motion to strike the February 23, 2009, Clerk's order and her motion for injunction are denied as moot.  Her motion to expedite is also denied.

4