**Michael John PISKANIN, Jr., Appellant**

v.

**JOHN DOE as Special Agent in Charge Philadelphia District Office of Federal Bureau of Investigation; Meuller, Director, Individual and as the Director Office of the Federal Bureau of Investigation.**

No. 09–2836.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 24, 2009.

Opinion filed: Oct. 19, 2009.

---

689

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Michael J. Piskanin, Jr., a Pennsylvania state inmate, commenced this pro se action in the United States District Court for the Eastern District of Pennsylvania by filing a pleading titled "Complaint Seeking to Compel Federal Officers to Perform Duty to Protect." Piskanin claimed that he is a "former operative" for the Federal Bureau of Investigation, and that he is entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including the criminal prosecution of Piskanin. Piskanin asked that the District Court direct the named defendants to transfer him to federal custody, conduct a full investigation, and "remove" to federal court "the criminal prosecutions at CR 0002072 and 2004." Piskanin purported to seek this relief under the All Writs Act, 28 U.S.C. § 1651, and 28 U.S.C. §§ 1442(a)(1) and 1446.

The District Court granted Piskanin leave to proceed in *forma pauperis* and dismissed his complaint as legally frivolous. Viewing the complaint as seeking a writ of mandamus under 28 U.S.C. § 1361, the District Court held that Piskanin failed to show that he exhausted all other avenues of relief or that his right to issuance of the writ is clear and indisputable. The District Court declined to intervene in the pending criminal actions given the absence of any showing of circumstances warranting such relief.

Piskanin timely filed this appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. Our Clerk advised the parties that this Court would consider summary action under Third Circuit Internal Operating Procedure Chapter 10.6. Piskanin has filed responses titled "Statement of Issues on Appeal with Informal Brief" and "Motion to Allow Informal Brief."[1] After a careful review of these submissions and the record, we will summarily affirm.

 The District Court was correct that Piskanin is not entitled to mandamus relief. A district court has jurisdiction under 28 U.S.C. § 1361 to issue a writ "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff," but the writ may issue only for "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Piskanin's alleged status as a "former operative" does not support a claim that he is owed a nondiscretionary duty from the FBI either to "protection" from or an investigation of the allegedly retaliatory acts taken against him. While 28 U.S.C. § 535 provides that the FBI "may investigate any violations of Federal criminal law involving Government officers and employees," the decision to initiate an investigation is within the FBI's discretion. *See, e.g., Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982).

Piskanin's suggestion that the District Court erred in failing to acknowledge "removal" of the state criminal prosecutions under 28 U.S.C. § 1442(a)(1) is without merit. "To establish removal jurisdiction under section 1442(a)(1), a defendant ... must establish that (1) it is a 'person'

within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office." *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir.1998). Piskanin's allegation that he was subjected to retaliation for his alleged reports to federal law enforcement about those who have allegedly conspired against him cannot support § 1442(a)(1) removal.[2]

 We reject Piskanin's contention that the District Court erred procedurally in dismissing his action prior to service. The District Court acted in accordance with its authority under 28 U.S.C. § 1915A, which requires a district court, "before docketing," to review a prisoner civil action seeking redress from government employees, and to dismiss the case if it is frivolous. *See* 28 U.S.C. § 1915A(a)–(b).

Because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, we will summarily affirm the District Court's judgment.

---

1. Insofar as Piskanin moves for permission to submit his "Motion to Allow Informal Brief" as a response to possible summary action, that motion is granted.

2. To the extent that Piskanin also sought removal of his criminal prosecution under 28

U.S.C. § 1446, we note that the criminal matter to which he apparently refers, Lehigh County Court of Common Pleas No. 39–CR–0002027–2004, is no longer pending, and the District Court clearly has no authority to review the state courts' decision.