BLD-113                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4375
_____

MICHAEL JOHN PISKANIN, JR.,
                                                            Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cr-00661)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012
Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

PER CURIAM

        Michael J. Piskanin, Jr., a Pennsylvania state inmate, commenced this pro se

action in the United States District Court for the Eastern District of Pennsylvania by

filing a "Petition/Application for Removal of State Court Prosecution."  Piskanin

claimed, as he has in many previous actions, that he is a "federal law enforcement

operative-contractor," and that he is entitled to protection from numerous public officials who have allegedly engaged in retaliatory acts, including his own criminal prosecution. Piskanin asked the District Court to remove his state criminal proceedings to federal court and seeks relief under the All Writs Act, 28 U.S.C. § 1442, and 28 U.S.C. § 1446.

In Piskanin's previous actions, including those in which he attempted to remove proceedings to federal court, the government has disputed that he was a federal officer or agent or that he was acting under any office or agency of the United States. In this case, the District Court determined—again—that Piskanin failed to show that he was a federal officer acting under color of the United States, and thus did not advance any authority that would permit the court to grant him any relief. Piskanin filed a motion for reconsideration; the District Court determined that Piskanin had not met the standard for reconsideration, and denied the motion.

Piskanin filed a timely notice of appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. Piskanin's claim that he is entitled to removal is meritless. Section 1442(a)(1) provides that a federal officer may remove to federal court any action brought against him in state court for official conduct. See Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998). To remove under § 1442(a)(1), a defendant must establish, among other things, that "the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office" and that "there is a causal nexus between the claims and the conduct performed under color of a federal office." Id. Piskanin's conspiratorial allegations about official retaliation against him cannot support § 1442(a)(1) removal. Moreover, to the extent his removal petition was based on §

2

1446(c)(1), it was plainly untimely.  Accordingly, the District Court properly dismissed the petition.

In his motion for reconsideration, Piskanin reiterated his allegations and requests for relief.  He failed to present any argument or evidence that would meet one of the criteria for reconsideration, as found in Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Therefore, the District Court did not abuse its discretion in denying the motion.  See id. at 673.

Because we conclude that this appeal presents no substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.