DLD-287                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1810
_____

COMMONWEALTH OF PENNSYLVANIA

v.

MICHAEL JOHN PISKANIN, JR.,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:12-cr-00074-001)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: December 28, 2012)
_____

OPINION
_____

PER CURIAM

         Michael Piskanin Jr., a prisoner of the Commonwealth of Pennsylvania

incarcerated at SCI Cresson, has again attempted to remove his Lehigh County criminal

case, which has long since concluded,[1] to the United States District Court for the Eastern District of Pennsylvania. Referring to himself as a "Federal Law Enforcement Operative Contractor Employee," or "FLEOCE," Piskanin seeks to remove his case pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of a state "civil action or criminal prosecution" against, inter alia, "any officer . . . of the United States or of any agency thereof . . . for or relating to any act under color of such office." He appeals the District Court's denial of his removal request.

We have jurisdiction pursuant to 28 U.S.C. § 1291. As we explained to Piskanin during his previous attempt at removal, to remove under 28 U.S.C. § 1442(a)(1), he must establish that his claims are based upon his conduct "acting under" a federal office and that "there is a causal nexus between the claims and the conduct performed under color of a federal office." Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir.

---

[1] See CP-39-CR-0002072-2004. The docket for the case in question reflects that Piskanin's tendency to indulge in repetitive filings is not exclusive to the federal system. We note the following docket entry from April 20, 2012:

"It appearing that [Piskanin] has filed innumerable and incommodious Appeals, both in Superior Court as well as the Supreme Court of PA, in reference to which he was convicted and sentenced to a period of State Incarceration; it appearing that the Appeals which have been considered by the Superior Court regarding Trial and subsequent Sentence imposed have all been Denied; that each subsequent Appeal, of which there have been many, has alleged meritless legal arguments and contained nothing short of harassment and personal attacks as to the character and ethical practices of this Court; [Piskanin's] writings, both in the body of the 'motions' and 'petitions' as well as the outside of correspondence, contain meritless accusations regarding this Court as well as the system of justice in the County of Lehigh and suggest that the Deft may suffer from mental illness; it is suggested that the Superior Court of PA Deny all accusations and

2

1998).  His "conspiratorial allegations about official retaliation against him cannot support § 1442(a)(1) removal."  <u>Piskanin v. United States</u>, 461 F. App'x 88, 89 (3d Cir. 2012).  Nor has he met the test for removal under 28 U.S.C. § 1443.  <u>See</u> <u>Georgia v. Rachel</u>, 384 U.S. 780, 788 (1966).  To the extent that Piskanin's filing was not a proper application for removal at all, due to the lack of a pending prosecution in state court, the District Court correctly denied it.

Because this appeal presents no substantial question, we will summarily affirm. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Piskanin's pending motions and filings, to the extent that they request independent relief, are denied.

---

meritless Appeals filed on the above-captioned case number; it is ordered that the Clerk of Courts transmit the record to the Superior Court forthwith."