**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1843
_____

STATE OF DELAWARE

v.

RODNEY BURR,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 11-cv-00913)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 30, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant, Rodney Burr, seeks review of the District Court's orders

remanding his Uniform Traffic Complaint and Summons to the Delaware Justice of the

Peace Court for the State of Delaware, New Castle County, and denying his motion for

reconsideration.  For the reasons discussed below, we will affirm.

# I

On September 11, 2011, Burr was issued a traffic citation by an officer from the New Castle County Police Department for failing to wear a seat belt in violation of 21 Del. C. § 4802(a). Burr sought to remove to federal court the Uniform Traffic Complaint and Summons issued with respect to the violation that was pending before a Delaware Justice of the Peace Court. In support of removal, Burr argued, inter alia, that ongoing enforcement of Delaware's seatbelt law interferes with his liberty interests in violation of the Ninth and Fourteenth Amendments to the United States Constitution. After finding that removal was improper, the District Court summarily remanded Burr's traffic ticket to the Delaware Justice of the Peace Court. In light of Burr's pro se status, the District Court granted Burr thirty days to clarify whether he also had intended to file a civil action challenging the constitutionality of the Delaware statute and, if so, to amend the "petition" that he filed in this action the day after he filed the notice of removal.

As permitted by the District Court, Burr filed an "Amendment to Petition" wherein he clarified that his original notice of removal was an attempt to both (a) initiate a civil action under 28 U.S.C. § 1331 and (b) remove the traffic ticket to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1443(1). In that document, he also sought reconsideration of the remand order. The District Court denied Burr's motion for reconsideration with respect to the removal issue, but gave Burr twenty-one days to file an amended complaint regarding his allegations that the state statute violates his constitutional rights. Burr subsequently filed a "Restated Complaint" in which he identified himself as a plaintiff and presented a constitutional challenge to the relevant

provision of Delaware's Seat Belt Safety Act.  Shortly thereafter, Burr filed this appeal from the District Court's order remanding the traffic ticket and the order denying the motion for reconsideration.

## II

Before we can reach the merits of this appeal, we must address our jurisdiction and the scope of the appeal.  We view the District Court's decision to grant Burr leave to challenge the constitutionality of 21 Del. C. § 4802(a) following the remand of the Uniform Traffic Complaint and Summons as having permitted Burr to commence a civil action that is separate from the removed traffic proceeding.  The District Court has yet to enter a final order adjudicating the merits of the complaint that Burr filed on March 13, 2012.  Under 28 U.S.C. § 1291, only final decisions of the district courts may be appealed.  A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945).  We thus would lack jurisdiction to review any order that pertains to the pending civil action.  As Burr has challenged the District Court's orders only to the extent that they remanded the traffic proceeding and thereafter denied reconsideration of the remand order, the sole jurisdictional issue that we confront is whether we have authority to review those orders.

In accordance with 28 U.S.C. § 1447(d), an order remanding a case to the state court from which it was removed is not reviewable, on appeal or otherwise, unless removal was pursuant to 28 U.S.C. § 1443.  More specifically, except in a case removed under § 1443, § 1447(d) prohibits review of a remand order based on a District Court's

3

determination that it lacks jurisdiction.  See Feidt v. Owens Corning Fiberglas Corp., 153

F.3d 124, 126–28 (3d Cir. 1998); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d

742, 749–50 (3d Cir. 1995).  Despite Burr's *many* arguments to the contrary, he fails to

demonstrate that the District Court's remand order was based on something other than the

type of "routine" jurisdictional determination that Congress intends for district courts to

make; as such, it is a determination that falls within the prohibition of appellate review

under § 1447(d).  Accordingly, to the extent Burr challenges the District Court's remand

order with respect to any bases for removal other than § 1443, we will dismiss the appeal

for lack of jurisdiction.  Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).  Our

jurisdiction is thus limited to the issue of whether the remand of Burr's traffic citation

was proper to the extent removal was sought under § 1443.

**III**

To the extent Burr sought removal under § 1443, we will affirm the District

Court's order remanding the action to the Delaware Justice of the Peace Court for New

Castle County.  We can find no error with the District Court's determination that removal

was inappropriate on the facts of this case.  Section 1443 authorizes the removal of a state

law action when a person is being denied "equal" civil rights and cannot enforce those

rights in the state courts.  28 U.S.C. § 1443(1).  This provision applies in rare cases.

Davis, 107 F.3d at 1048–49.  To succeed at removal on this basis, a state court defendant

must allege a deprivation of rights guaranteed by a federal law providing for specific civil

rights stated in terms of racial equality.  Id. at 1047.  In addition, removal under § 1443 is

only available where the defendant's federal civil rights would inevitably be denied by

4

the very act of being brought to trial in state court. <u>Davis</u>, 107 F.3d at 1050; <u>see generally</u> <u>Georgia v. Rachel</u>, 384 U.S. 780 (1966).

Burr has not shown that § 1443 applies to this action. As the District Court correctly noted, Burr's allegations do not involve racial discrimination or inequality of any kind. Nor has Burr demonstrated that he will be unable to enforce his civil rights in state court. Furthermore, no argument has been presented to demonstrate that the District Court abused its discretion in denying the subsequent motion for reconsideration. <u>See</u> <u>Long v. Atl. City Police Dep't</u>, 670 F.3d 436, 446 (3d Cir. 2012). Accordingly, we will affirm the District Court's remand orders.