BLD-044                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3440
_____

UNITED STATES OF AMERICA

v.

MICHAEL JOHN PISKANIN, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Misc. No. 2:13-mc-00198-000)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 15, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 26, 2013)
_____

OPINION
_____

PER CURIAM

Michael John Piskanin, Jr., a frequent litigant, filed a document captioned

"'Kimbro' Emergency Petition" in the District Court.  Referring to himself, as usual, as a

"federal law enforcement operative-contractor employee" or "FLEOCE," he argued that

he was entitled to the hearing described in Kimbro v. Velten, 30 F.3d 1501 (D.C. Cir.

1994), based on his current petition and in every case in which he previously had sought one. He noted that he has made numerous attempts to remove a state criminal proceeding[1] against him to federal court. He asserted that removal was proper because "at all times relevant" Piskanin was "carrying out his duties as a FLEOCE." He further contended that his petitions for removal were denied based on the machinations of a group he calls the "Unholy Trio Gang." That group, which, according to Piskanin, includes lawyers, judges, politicos, and the like, also allegedly have conspired to have him investigated, arrested, and convicted (and have thwarted his efforts to win post-conviction relief).[2] In his petition, he specifically disputed the reasons for earlier denials of his petitions, including those reasons we discussed in Piskanin v. United States, 461 F. App'x 88 (3d Cir. 2012).

The District Court denied Piskanin's petition. The Court explained that it was without authority to provide relief to Piskanin in what was, in effect, an appeal of the unsuccessful outcome of several similar removal petitions that it previously had denied. The Court further stated that, despite his claims, Piskanin had not demonstrated that he was a federal operative acting undercover for the United States. He appeals.

After Piskanin filed his opening brief, the Government filed a motion for summary action with a motion to stay the briefing schedule (which was granted) and a request that

---

[1] In 2005, after a jury trial in Commonwealth v. Piskanin, CP-39-CR-0002072-2004, Piskanin was convicted of theft by deception, receipt of stolen property, and many counts of identity theft.

2

we enjoin Piskanin from "any further filings . . . against the United States in any court with regard to the same subject." In its motion, the Government outlines Piskanin's litigation history, including his repeated claims of "FLEOCE" status without proof and his repeated unsuccessful attempts to remove his state criminal action to federal court. Piskanin opposes the Government's filing.

Upon review, because no substantial question is presented on appeal, we will grant the Government's motion for summary action and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. As the District Court concluded, the District Court did not have authority to hear what was essentially an appeal of earlier decisions denying Piskanin's efforts to remove his state criminal proceedings to federal court. Furthermore, as we have stated previously, and without repeating our entire analysis, "Piskanin's claim that he is entitled to removal is meritless." See Piskanin, 461 F. App'x at 89. We further note that although Piskanin self-identifies as a "FLEOCE," he provides no proof beyond his allegations (which also include far-fetched claims of conspiracy), and the Government states that Piskanin's claim is not true.

Piskanin, in the District Court action (and in many previous actions), requested a "Kimbro hearing," but he is not entitled to one. In relevant part, Kimbro, a case from another circuit court, discussed the procedure under 28 U.S.C. § 2679 for removing civil cases in which the United States is a party, not the procedure to remove criminal cases.

---

[2] Additionally, Piskanin maintained that the group has caused "counterfeit judges" to be "unconstitutionally appointed" to the federal bench.

3

See 30 F.3d at 1504-05 (explaining that "[I]f the Attorney General refuses to certify that the employee defendant was acting within the scope of his office, the Act provides that the employee can nevertheless petition the court itself to 'find and certify' that the employee was acting within the scope of his office").  Also, we reject as baseless Piskanin's claim that the District Court's ruling resulted from bias against him.

Next, we consider the Government's request for an injunction.  It is within the broad scope of the All Writs Act, 28 U.S.C. § 1651, for a court to issue an order restricting the filing of meritless matters by a litigant who continues with great frequency to raise meritless claims identical or similar to those that already have been adjudicated. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982).  It is undisputed that Piskanin has raised the identical or similar claims in several unsuccessful District Court petitions. He has also taken appeals from those denials.

In short, we do not disagree with the Government that Piskanin repeatedly raises the same meritless claim of entitlement to removal of his state court criminal action to federal court based on his "FLEOCE" status.  For this reason, we grant the request in part, pursuant to the All Writs Act, which gives us authority to issue the injunction in support of our jurisdiction, which is "exclusively appellate."  United States v. Mayer, 235 U.S. 55, 65 (1914); see also In re Phila. & Reading Coal & Iron Co., 103 F.2d 901, 903 (3d Cir. 1939).  Specifically, absent leave of this Court, Piskanin is prohibited from further appellate court litigation in this Court raising claims (1) that he is entitled to removal of his state criminal action, Commonwealth v. Piskanin, CP-39-CR-0002072-

4

2004, to federal court based on his status as a "FLEOCE," and/or (2) that he is entitled to a "<u>Kimbro</u> hearing" in order to show that he is entitled to removal of his state criminal action, <u>Commonwealth v. Piskanin</u>, CP-39-CR-0002072-2004, to federal court based on his status as a "FLEOCE." To the extent that the Government wishes for similar relief in the District Court or any other court, the Government may apply there.