50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip D. CALVERT, Plaintiff-Appellee,
v.
XEROX CORPORATION; Jack Poniatowski, Defendants-Appellants.
 No. 94-1701.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1995.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The defendants appeal a district court order remanding their case back to the state court from which it was removed. They now move to stay the remand order pending disposition of their appeal. The plaintiff has filed a response in opposition and the defendants have filed a reply. Because it appeared that jurisdiction was lacking in this case, an order was entered directing the defendants to show cause why their appeal should not be dismissed. The defendants have filed a response to the show cause order indicating that they will rely on the arguments raised in their stay motion and their reply.
 
 
 2
 Upon consideration of the facts and arguments presented, we conclude that the district court's remand order is not reviewable. Under 28 U.S.C. Sec. 1447(c), a case shall be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." With certain exceptions not applicable here, 28 U.S.C. Sec. 1447(d) "prohibits review of all remand orders issued pursuant to Sec. 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). An order of remand issued pursuant to Sec. 1447(c) "is beyond all power of appellate review, even if based on erroneous principles or analyses." Page v. City of Southfield, No. 93-2499, slip op. at 6 (6th Cir. January 25, 1995). This bar to review will apply "so long as the order was in fact issued pursuant to a ground specified in Sec. 1447(c), i.e., a defect in removal procedure or lack of subject matter jurisdiction." Id. The district court need not cite Sec. 1447(c) in its remand order and may order a remand at any time prior to final judgment if it appears that subject matter jurisdiction was lacking at the time of removal. The thirty day time limit contained in Sec. 1447(c) applies only to remand motions grounded on procedural defects. Id. at 8.
 
 
 3
 An exception to this rule of nonreviewability exists when the remand order is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193, 194 (6th Cir.1990) (discussing Pelleport/Clorox doctrine). We are not persuaded that this exception applies in the present case. The district court's inquiry into ERISA preemption and fraudulent joinder was "necessarily related to the question of jurisdiction." Baldridge v. Kentucky-Ohio Transp., Inc., 983 F.2d 1341, 1349 (6th Cir.1993) (internal quotation and citation omitted).
 
 
 4
 Contrary to the defendants' assertion, the district court has not decided the merits of their ERISA preemption defense under 28 U.S.C. Sec. 1144. A Sec. 1144 preemption defense "does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule." Warner v. Ford Motor Co., No. 93-1312, slip op. at 5 (6th Cir. February 6, 1995) (en banc) (overruling Van Camp v. AT & T Information Systems, 963 F.2d 119 (6th Cir.), cert. denied, 113 S.Ct. 365 (1992)). As explained in Warner, "[r]emoval and preemption are two distinct concepts. The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted--for example under Sec. 1144(a)--does not establish that they are removable to federal court. The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court." Id. at 6-7 (internal quotation and citation omitted).
 
 
 5
 Similarly, the remand order has no preclusive effect on the defenses that the individual defendant may raise in state court. In deciding whether a party has been fraudulently joined, the district court must consider whether there is a reasonable basis for predicting that the plaintiff could prevail against the non-diverse defendant. Alexander v. Electronic Data, 13 F.3d 940, 949 (6th Cir.1994). It does not appear that the district court went beyond this initial jurisdictional inquiry in ruling that the individual defendant had not been fraudulently joined.
 
 
 6
 The defendants' alternative request for a writ of mandamus does not confer jurisdiction in this court. Mandamus cannot be used to review a remand order that would not be reviewable by direct appeal. Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977). The defendants are also precluded from appealing the district court's refusal to certify its remand order for immediate appeal under 28 U.S.C. Sec. 1292(b). See Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338 (9th Cir.1976) (per curiam); In re Master Key Antitrust Litigation, 528 F.2d 5, 8 (2d Cir.1975).
 
 
 7
 It therefore is ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. The defendants' motion for a stay is denied as moot. The defendants' alternative request for a writ of mandamus is denied.