Elmer GODSEY, Plaintiff–Appellee,

v.

Ken MILLER, Clyde Bowling, Kansas Smith, Asplundh Tree Expert, Inc ., a corporation, and American Electric Power Serv. Corp., a corporation, Defendants–Appellants.

Nos. 00–5045, 00–5055.

United States Court of Appeals, Sixth Circuit.

May 10, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

PER CURIAM.

Elmer Godsey, a former employee of defendant Asplundh Tree Expert, Inc. ("Asplundh") has brought claims against all defendants alleging discrimination on the basis of age, in violation of the Kentucky Civil Rights Act, KY.REV.STAT. ANN. § 344.040 (Michie 1999), based on his termination from Asplundh. Godsey originally brought suit in state court, and defendants attempted to remove the case to federal court on the basis of diversity. Defendants Miller, Smith, and Bowling are, like Godsey, residents of Kentucky, but defendants asserted that Godsey's complaint failed to allege properly any genuine claim against these non-diverse parties, essentially claiming fraudulent joinder. The district court interpreted Godsey's complaint as alleging that the non-diverse parties were participants in a conspiracy in violation of KY.REV.STAT. ANN. § 344.280(2) (Michie 1999). Because of the consequent lack of diversity, the district court remanded the action to state court. Defendants now appeal the district court decision, which plaintiff claims is unreviewable under 28 U.S.C. § 1447(c). For the reasons that follow, we dismiss the appeal while vacating any residual effect of the district court's order.

I

Defendants Miller, Smith, and Bowling are employees of Asplundh; Asplundh was providing services under contract to defendant American Electric Power Service Corp. ("AEP") at the time of Godsey's termination. For purposes of this appeal, the parties accept Godsey's complaint as stating the facts behind this action. Godsey was a brush trimmer and employee of Asplundh, 65 years of age in 1999, when he was carrying out Asplundh's contract with AEP to clear the foliage from power lines. Defendants Miller, Bowling, and Smith are respectively, Foreman, Assistant General Foreman, and Supervisor at Asplundh. Godsey claimed that Miller had made "discriminatory inquiries" in the spring of 1999 into when Godsey was going to retire. On June 3, 1999, Miller, Bowling, and Smith approached Godsey at his job site and told him that AEP did not want him working for them anymore. They informed Godsey he was laid off and transported him to his home in Perry County, Kentucky. This describes essentially the full content of the complaint with regard to the conduct of Miller, Bowling, and Smith (and AEP). In a later pleading (his response to AEP's motion to dismiss in federal court), Godsey stated that his complaint "inferentially alleged" that these defendants had conspired to "aid, abet, incite, compel or coerce" Asplundh to discharge Godsey, (Godsey Br. at 11), but no specific incidents of such persuasion were adduced, nor was the complaint ever amended.

Defendant Asplundh, not joined by defendant AEP, but together with Miller, Bowling, and Smith, filed a notice of removal with the federal district court. Acknowledging that Miller, Bowling, and Smith were Kentuckians, the notice claimed that they were "sham defendants which have been improperly joined as defendants in the present action for the sole purpose of defeating the jurisdiction of this Court." The notice argues that these defendants are a sham because Godsey's complaint mentioned only KY.REV.STAT. ANN. § 344.040 (Michie 1999) as statutory authority for his age discrimination complaint, a statute applicable only against employers rather than individuals. Acting separately in the federal court, defendant AEP filed a motion to dismiss on similar grounds, since AEP was also not Godsey's employer. Godsey defended removal by pointing out his complaint had alleged violations of "KRS 344.040 et seq." and among

the provisions "et seq." is Ky.Rev.Stat. Ann. 344.280(2) (Michie 1999), which allows non-employers to be held liable as part of a conspiracy to deprive a plaintiff of civil rights.

In December 1999, after receiving briefs from both side, the district court issued an order ruling on AEP's motion. The court concluded that Godsey had sufficiently alleged a conspiracy claim against AEP and "using the same rationale, Ken Miller, Clyde Bowling, and Kansas Smith can be sued under KRS 344.280(2)." In the next paragraph, the court then stated, "[t]he validity of this conspiracy cause of action ... destroys the complete diversity necessary to remove this suit under 28 U.S.C. § 1441. Therefore, the case will be remanded to the Perry Circuit Court." In making this ruling, the district court also adverted to the procedural flaw in the notice of removal, which was not signed by all defendants, as the court pointed out was required by 28 U.S.C. § 1446. However the court declined to "address the procedural error," "[a]s this case is being remanded based on lack of diversity jurisdiction[.]"

The case was then stricken from the active docket, but the order was labeled "FINAL AND APPEALABLE." Following this suggestion, defendants have appealed it. Godsey, however, points to the language of 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."

## II

### Standard of Review

If we were to find the issue reviewable, the standard of review on the district court's decision to remand would appear to be de novo. Cf. Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir.1999) (reviewing a denial of a motion to remand). The parties agree that this is the proper standard should we reach the issue.

### Reviewability

The review of remand orders to state courts is barred by 28 U.S.C. § 1447(d) when the order "fall[s] into either category of remand order described in § 1447(c) ... lack of subject matter jurisdiction or defects in removal procedure." Quackenbush v. Allstate Ins. Co. ., 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If "a district court remands a case based on the grounds listed in Section 1447(c), this Court cannot review the remand order." Zuniga v. Blue Cross and Blue Shield of Michigan, 52 F.3d 1395, 1400 (6th Cir.1995) (citation and quotation omitted). This is true even if the district court's decision to remand proceeds from an erroneous basis. Ibid.

A limited exception, asserted by defendants, exists when the remand order is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193, 194 (6th Cir.1990). In Regis, this principle was used to allow review of a district court's decision to remand based on its interpretation of a contractual forum selection clause. The application of this exception, however, was found inappropriate when the district court based its remand for lack of subject-matter jurisdiction on its legal determination of the absence of federal preemption, Baldridge v. Kentucky–Ohio Transportation, Inc., 983 F.2d 1341, 1350 (6th Cir.1993), or the lack of status as a federal officer. See State of Ohio v. Wright, 992 F.2d 616, 618–619 (6th Cir.1993) (en banc).

■ On the face of Godsey's complaint, complete diversity was lacking. Therefore, in order for removal to occur, the defendants were required to show fraudulent joinder to eliminate the non-diverse parties, *see* 14B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed.1998), and this is what they asserted, and what the district court was required to assess. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against [defendant] in the ... state courts." *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999); *see also Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). In *Jerome–Duncan* we thus looked to the state law to determine whether the non-diverse defendant was a proper party or whether it was fraudulently joined, based on the legal sufficiency of the claim, and we disregarded any inquiry into plaintiff's actual motive in joinder. 176 F.3d at 907. The burden of proving fraudulent joinder is placed on the party asserting the existence of complete diversity. *See Alexander*, 13 F.3d at 949.

■ This case differs from *Regis* in that the issue of a forum selection clause is an independent contractual concern created by the actions of the parties, and is not linked to the inherent subject-matter jurisdiction of the court. By contrast, where review was not allowed in *Baldridge* and *Wright*, this linkage between the issue decided and jurisdiction was the fundamental reason against review: the decision of the issue asserted by appellants to circumvent § 1447(d) was held to have been a neces-

sary precursor to a decision on the jurisdictional (§ 1447(c)) issue that had been before the district court. This also appears to be the case here, where the issue of fraudulent joinder and diversity—the jurisdictional question—was completely dependent on the prior determination of the adequacy of a conspiracy complaint that could reach non-diverse defendants.

In similar circumstances, where the district court interpreted Michigan law to determine if the amount in controversy was present before remanding, we have held the order to be beyond review. *See Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253 (6th Cir.1996). In *Anusbigian*, the district court had been compelled to analyze whether the plaintiff could maintain an action under MICH. COMP. LAWS ANN. § 600.2961, which would have allowed his possible recovery to exceed the necessary amount in controversy; it was determined that he could not, which motivated the remand. *Id.* at 1254. In holding the order unreviewable in the face of plaintiffs's assertion of the *Regis* exception, we stated that the "fact that the district court based its jurisdictional determination on an interpretation of Michigan law is beside the point." *Id.* at 1257. We also noted that the district court's decision did not foreclose assertion of any issue for litigants; it foreclosed only "further litigation of [the] claim in federal court." *Ibid.*

We have previously held in unpublished persuasive authority that a court's decision of issues of fraudulent joinder does not amount to a substantive decision of the kind that may avoid the bar to reviewability. *See Calvert v. Xerox Corp.*, No. 94–1701, 1995 WL 109000 (6th Cir. Mar.14, 1995) (unpublished). In *Calvert*, as here, defendants' attempt to remove was rejected and the federal district court remanded to state court. Defendants then asserted *Regis* as a route to reviewability of the

remand order, including as one of the "substantive decision[s]" the district court's adjudication of their claims of fraudulent joinder to defeat diversity. We stated there that in "deciding whether a party has been fraudulently joined, the district court must consider whether there is a reasonable basis for predicting that the plaintiff could prevail against the non-diverse defendant. It does not appear that the district court went beyond this initial jurisdictional inquiry in ruling that the individual defendant had not been fraudulently joined." *Id.* at *2 (citation omitted) (finding remand unreviewable). Similarly, here the district court was required to assess the conspiracy claim to determine its jurisdiction; the primary reason it did so in the context of a motion to dismiss was that AEP had, quite improperly, not joined in the notice of removal which asserted essentially the same legal arguments.

It may well be that another court would find that the defendants carried their burden. *Cf. Stacy v. Shoney's Inc.,* No. 97–5393, 1998 WL 165139 (6th Cir. Mar. 31, 1998) (finding fraudulent joinder in a similar suit despite explicit mention of the conspiracy statute). Unfortunately for the defendants, even a clearly erroneous decision does not provide us with a license to revisit a remand issued on the basis of a lack of subject-matter jurisdiction. *See e.g., Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995). Such orders are "beyond all power of appellate review, even if based on erroneous principles or analyses." *Ibid.*

The fact that § 1447 or "subject-matter jurisdiction" was not mentioned by the district court in its remand order does not change the analysis, if the decision was "clearly on jurisdictional grounds." *Anusbigian,* 72 F.3d at 1255; *see also Wright,* 992 F.2d at 617. Equally, the fact that the

order was labeled as "appealable" does not make it appealable. *See Feidt v. Owens Corning Fiberglas Corp.,* 153 F.3d 124, 129 (3d Cir.1998). In *Feidt,* the district court had not only certified the question for appeal, but the Third Circuit had also granted leave to appeal. Nonetheless, it was held that this could "not circumvent the jurisdictional bar of section 1447(d)." *Id.* at 129 n. 5 (finding remand order unreviewable). We hold the decision was clearly on jurisdictional grounds.

However, there remains some confusion regarding the district court's denial of defendant AEP's motion to dismiss, prior to its finding a lack of federal jurisdiction over Godsey's complaint. The district court repeated this denial in its order, stating that the "Defendant's motion ... is hereby ... DENIED" and only then ordering the remand in the next paragraph of the order. Although it is obvious that, without subject-matter jurisdiction, the court was without power to decide any substantive motion on the merits of the case, this sequence of analysis and orders has created unnecessary uncertainty regarding the nature and preclusive effect of the district court's ruling.

It is a well settled principle that "the district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3739, at 423 (3d ed.1998). *See also Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir.1983) (stating "disapproval of the district court's decision to dispose of this action on the merits without first resolving the question of subject matter jurisdiction"). The preferred method is to determine whether the action has been properly

removed and the court has jurisdiction before disposing of other pending motions. In the admittedly unorthodox posture of this case, this required treating AEP as the cart and the individual defendants as the horses pulling it; AEP's motion became moot as soon as the similar analysis applied to the conspiracy claims against the non-diverse parties failed to show fraudulent joinder. *See, e.g., Thompson v. Fritsch*, 966 F.Supp. 543, 545 (E.D.Mich. 1997) (refusing to address defendant's motion for summary judgment, which became moot after a finding of lack of jurisdiction).

█ Like the district court, we have no power under Article III to decide the merits of the case over which we have no jurisdiction. As just discussed, the district court has determined that the federal courts have no jurisdiction over this matter and we cannot revisit that determination. Nonetheless, we have the power to vacate any decision that lacked jurisdiction, a decision "which we cannot leave undisturbed." *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir.1999). Our common solution in such cases is to vacate the judgment and remand with orders to dismiss, in order to clear the path for "relitigation of the issues" and prevent an unreviewable judgment from "spawning any legal consequences." *Brock v. UAW*, 889 F.2d 685, 696–97 (6th Cir.1989) (citation and quotation omitted) (vacating and remanding with instructions to dismiss because of mootness). *See also Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 260 (6th Cir.1994) (vacating and remanding with instructions to dismiss district court's order issued without subject-matter jurisdiction).

### III

Accordingly, we VACATE those portions of the order denying AEP's motion to dismiss, and REMAND this matter with instructions to dismiss this case (00–5045) for lack of subject-matter jurisdiction. We hold the district court's finding regarding jurisdiction and consequent order of remand to state court to be beyond review.