**Alice TITUS, Plaintiff–Appellee,**

v.

**KNOLL PHARMACEUTICAL COMPANY; Abbott Laboratories, Defendants–Appellants.**

No. 03–3706.

United States Court of Appeals, Sixth Circuit.

July 26, 2004.

Mikal C. Watts, Gregory Gowan, Watts Law Firm, Corpus Christi, TX, Ted G. Meadows, Beasley, Allen, Crow, Methvin,

Portis & Miles, Montgomery, AL, for Plaintiff–Appellee.

Karl Fanter, Baker & Hostetler, Cleveland, OH, David M. Bernick, Douglas Geoffrey Smith, Jason P. Renzelmann, Kirkland & Ellis, Chicago, IL, for Defendants–Appellants.

Before: RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

COOK, Circuit Judge.

Defendants–Appellants Knoll Pharmaceutical Co. and Abbott Laboratories appeal the district court's order remanding this case to Texas state court. Because the remand order is not reviewable, we dismiss the appeal.

I

Alice Titus brought this action in Texas state court, asserting (1) claims against several manufacturers of the prescription drug Meridia based on their alleged failure to adequately warn her of the drug's purported dangers, and (2) a claim of negligence against her doctor, the only nondiverse defendant.

The drug manufacturers removed the action to federal district court in Texas, contending that Titus fraudulently joined the claim against her physician to defeat diversity jurisdiction. The manufacturers also argued that the district court had federal question jurisdiction. Titus moved to remand the case to state court. The Texas district court granted defendants' motion to stay the remand proceedings pending the case's transfer to the Northern District of Ohio as part of a multidistrict litigation.

Post-transfer, the Ohio district court noted that on the face of the complaint, diversity did not exist. It found that defendants failed to show that Titus could not establish a cause of action against her physician under state law. The district court therefore concluded that the physician was not fraudulently joined. The court also determined that no federal question had been presented. The court then granted Titus's remand motion based on lack of diversity jurisdiction and federal question jurisdiction. Defendants moved for reconsideration of the remand order and for an opportunity to conduct discovery relevant to the remand issues. The court denied this motion. Defendants now appeal, challenging the district court's conclusion that the court lacked diversity jurisdiction. Defendants do not appeal the court's determination that it lacked federal question jurisdiction.

II

We first consider whether we have jurisdiction to review the district court's remand order. This court generally cannot review remand orders based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(d) ("An order remanding a case [other than a civil rights case] to the State court from which it was removed is not reviewable on appeal or otherwise."); § 1447(c) (requiring remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (holding that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)"). An exception exists, however, if the district court based its remand order

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

"on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 194 (6th Cir.1990).

Defendants argue that the district court's ruling that Titus did not fraudulently join the claim against her physician logically preceded the district court's remand order and thus is reviewable as a collateral issue. But the district court ruled that the physician was a properly joined party only for the limited purpose of deciding the question of jurisdiction. Fraudulent joinder is therefore not a collateral issue that this court can review. *See Baldridge v. Kentucky–Ohio Transp., Inc.*, 983 F.2d 1341, 1350 (6th Cir.1993); *see also Godsey v. Miller*, 9 Fed.Appx. 380 (6th Cir.2001); *Calvert v. Xerox Corp.*, No. 94–1701, 1995 WL 109000 (6th Cir.Mar.14, 1995).

This court also denies defendants' request for a writ of mandamus because mandamus writs cannot be used to review remand orders that are unreviewable under § 1447(c). *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 723–24, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

### III

Accordingly, we dismiss this appeal for lack of jurisdiction and deny defendants' alternative request for a writ of mandamus.