In re **PHILADELPHIA & READING COAL & IRON CO.**

**SCHRAGER et al. v. PHILADELPHIA & READING COAL & IRON CO.**

No. 7072.

Circuit Court of Appeals, Third Circuit.
April 17, 1939.

902

Archibald Palmer, of New York City, for appellants.

Carl W. Funk and Henry S. Drinker, Jr., both of Philadelphia, Pa., for Philadelphia bondholders' committee.

David Bortin, of Philadelphia, Pa., for New York debenture holders' committee.

Morton E. Yohalem, of New York City, for Securities & Exchange Commission.

Allen Hunter White and Frederic L. Ballard, both of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for Schofield Andrews, Reid Kennedy, George A. Barnewall, William F. Walsh and Cornelius A. Sullivan, as and Constituting the Protective Committee for the Holders of the Philadelphia & Reading Coal & Iron Company Twenty-Year Convertible 6% Debenture Bonds.

W. James MacIntosh and Arthur Littleton, both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellee the Philadelphia & Reading Coal & Iron Co.

Before BIGGS and CLARK, Circuit Judges.

PER CURIAM.

A voluntary petition for reorganization pursuant to the provisions of Section 77B of the Bankruptcy Act, as amended, 11 U. S.C.A. § 207, was filed by the debtor in the District Court of the United States for the Eastern District of Pennsylvania upon January 26, 1937. The petition referred to was approved and the debtor was continued in possession by order of the District Court. A number of plans for the reorganization of the debtor were filed but no immediate proceedings were taken in respect to them. Upon April 3, 1939, however, certain creditor committees filed another plan for the reorganization of the debtor company. This plan was dated April 1, 1939, and it, with the other plans theretofore filed, was referred to a Special Master for hearings by order of the District Court entered April 5, 1939. No appeal was taken from this order of reference and the first hearing upon the plan of April 1, 1939, has been set for Tuesday, April 18, 1939.

Two creditors of the debtor, who, with the Securities and Exchange Commission, are the movants in the application now pending before us, upon March 7, 1939, petitioned the District Court praying that "* * * an Order be entered requiring compliance with the provisions of Chapter X of the Chandler Act and that a disinterested Trustee or Trustees for the debtor be forthwith appointed." After answer,

argument and opinion, the District Judge entered a decree dated March 30, 1939, denying the prayers of this petition. An appeal was taken from this decree[1] and is now pending in this court. It requires determination of the question of whether or not the provisions of the so-called Chandler Act may be applied retrospectively to the pending proceeding, and therefore the interpretation to be put by this court upon the word "practicable" as used in Section 276 of the Bankruptcy Act as added June 22, 1938, 11 U.S.C.A. § 676.

We should here state that the Securities and Exchange Commission, upon January 17, 1939, intervened in the proceedings in the court below, its intervention being approved by the District Court pursuant to the provisions of Section 208 of the Bankruptcy Act as added June 22, 1938, 11 U.S.C.A. § 608. Upon April 8, 1939 the Commission filed a petition in the court below seeking the appointment of an examiner pursuant to provisions of Section 168 of the Bankruptcy Act as added June 22, 1938, 11 U.S.C.A. § 568. Two days later the Commission moved to have the petition referred to set down for hearing and disposition. That hearing has been set by the District Court for this day.

Thereafter, upon April 14, 1939, a motion was made to this court in the pending appeal by the two creditors of the debtor heretofore referred to. This motion is entitled, "Motion to set an early date for the hearing on the above entitled appeal, to direct the parties to file the record on appeal on or before a date to be fixed by the court, and to restrain the debtor, the committees and their attorneys, and other parties in interest from proceeding with or taking any steps in connection with the proposed plan of reorganization dated April 1, 1939 or holding any hearings thereon until a determination of this appeal."

The Securities and Exchange Commission upon April 15, 1939, also filed a motion in this court seeking to have this court stay " * * * any hearings before the Special Master on any plan of reorganization * * * until there has been disposition of the pending motions for the appointment of a trustee or examiner, or for such other period as this Court may deem proper." The second of the two motions referred to is that of the Commission for the appointment of an examiner.

The character of the motions in this court indicates a misconception of the powers of an appellate court. The injunctive relief sought is without connection with the appeal pending before us. The pending appeal is simply from the decree of the District Court of March 30, 1939, refusing to appoint a trustee to take possession of the assets of the debtor. The relief now sought from this court by the movants is in fact the equivalent of that which might be sought by an application for supersedeas from the order of the District Court filed April 5, 1939, referring the plan of April 1, 1939 to the master for consideration. The movants in substance seek to effect a stay of the order referred to by indirect means.

The jurisdiction of this court is purely statutory and unless an appeal be taken from the refusal or neglect of a lower tribunal to grant an injunction, our authority to grant injunctive relief must proceed from the so-called "All Writs" Section of the Judicial Code, Section 262, 28 U.S.C.A. § 377, and may be exercised by us only as auxiliary to and strictly in aid of our appellate jurisdiction. In re Eastman Kodak Co., 3 Cir., 1931, 48 F.2d 125. See also cases cited in note 14 to Section 377, 28 U.S.C.A.

We think that thoughtful consideration of the appellate process will demonstrate to the movants the correctness of our conclusions. It is obvious that our jurisdiction of the substance of the pending appeal will be in no wise imperilled by the contemplated hearings before the master. If the movants anticipate harm resulting to them from the hearings, they should have applied to the District Court for their postponement or should have appealed from the order prescribing them. In this manner only can the respective and appropriate functions of the trial and appellate courts be preserved. Accordingly the injunctive relief sought by the movants is denied.

As to the appointment of an examiner, sought by the Securities and Exchange Commission in the proceedings in the court below, such question is not now before us

---

[1] The decree is not made a part of the printed record on appeal and the date of its entry is incorrectly stated to be March 27, 1939, in the notice of appeal. (Record, page 22.)

and is not properly a part of the pending application.

Since all parties are agreed upon the advancement of the appeal, it is set down for argument before the court and will be heard upon Monday, April 24, 1939.