

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# Fullman v. Postmaster Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fullman v. Postmaster Gen" (2007). *2007 Decisions*. Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2291

ANDREW FULLMAN,
                                        Appellant

v.

JOHN E. POTTER, POSTMASTER GENERAL;
UNITED STATES POSTAL SERVICE, AGENCY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-1352
(Honorable Eduardo C. Robreno)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2007

Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

Filed November 1, 2007

OPINION OF THE COURT

PER CURIAM.

        Appellant Andrew Fullman appeals pro se from the District Court's order entering

summary judgment in favor of the appellee, the Postmaster General of the United States

Postal Service.  Fullman filed a complaint alleging that the appellee, inter alia,

discriminated against him based on his race, color, and sex, and engaged in retaliatory discharge in violation of Title VII after the Postal Service terminated him for his failure to disclose, as required by his employment application, that he was previously employed by the Postal Service, and had been terminated in 1989 for filing a false worker's compensation claim. We need not repeat the details of Fullman's claims here as they are well-known to the parties and are summarized in the District Court's memorandum.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

For substantially the reasons stated by the District Court, we conclude that summary judgment was properly entered in favor of the appellee with respect to the parties' cross-motions for summary judgment. We agree with the District Court that Fullman's claims regarding the 1989 termination are barred by the doctrines of collateral estoppel and res judicata. We further agree that Fullman failed to make a prima facie case of discrimination or retaliatory discharge under Title VII. Even assuming arguendo that Fullman had established a prima facie case of discrimination or retaliatory discharge (which he did not), appellee proffered a legitimate, non-discriminatory reason for terminating Fullman (i.e., Fullman provided false information on his employment application), and the record here would not allow a reasonable fact finder to conclude that this reason was pretextual. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 799-801 (3d Cir. 2003) (per curiam) (quotation omitted). To the extent Fullman attempted to raise a

2

claim under the Americans with Disabilities Act, constitutional claims, or state law claims, the District Court properly resolved those claims as well. In addition, the District Court did not abuse its discretion by denying Fullman's two subsequent motions for reconsideration and his request for leave to amend his complaint. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

On appeal, Fullman has filed a motion to supplement the record to include audio recordings of certain voice-mail messages. Fullman's motion is denied. In any event, we have reviewed Fullman's purported transcript of these messages and, even if we were to allow supplementation of the record, these messages would not affect our decision.

For the foregoing reasons, we will affirm the judgment of the District Court.