BLD-202                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1256
_____

ANDREW FULLMAN,
Appellant

v.

JOHN E. POTTER, Postmaster General;
UNITED STATES POSTAL SERVICE;
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSIONER (EEOC) AGENCY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-04910)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2010

Before:  RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed July 1, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Andrew Fullman filed a complaint *in forma pauperis*, naming, as defendants, the

Postmaster General, the United States Postal Service ("Postal Service"), and the Equal

Employment Opportunity Commission ("EEOC").[1] The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), stating that Fullman had filed his complaint as a means to seek review of the decisions in his five earlier cases against the United States Postal Service. The District Court explained that the doctrine of res judicata precluded the relitigation of Fullman's claims. Fullman filed a motion for reconsideration, which the District Court denied.

Fullman appeals. The Postmaster General, the Postal Service, and the EEOC ask us to summarily affirm the District Court's decision. The Appellees contend that Fullman has been challenging the 1989 denial of his workers' compensation claim and his 1989 termination from the Postal Service for more than a decade. They argue that his District Court case from which this appeal stems is an improper attempt to have the District Court readjudicate his earlier claims. The Appellees state that Fullman's effort to name the EEOC as a defendant does not change the result because the relevant claims relate to his complaints about the EEO Office of the Postal Service, which, as the District Court explained previously, is not a separate entity subject to suit. They further contend that the evidence that Fullman describes as new is not new – instead, it is evidence he presented

_____

[1]Although Fullman also used the term "Commissioner" instead of "Commission" when he wrote out the agency's name in the caption and short introduction of his complaint, he used the term "Agency" in the caption and the terms "Agency" and "Commission" in formally naming the defendants at the beginning of his complaint. Complaint ¶ 4.

unsuccessfully in a complaint he filed in 2005 (E.D. Pa. Civ. No. 05-cv-01352).[2]

Fullman opposes the Appellees' motion for summary affirmance. He states briefly that his newly discovered evidence concerns the nature of the injuries he suffered in 1989. The asserted and actual focus of his response, however, is his claim that the Appellees have committed a fraud on the court in relation to their opposition to an earlier complaint that he filed. He specifically informs us that "he is not challenging strictly his 1989 worker's [sic] compensation claim, but . . . his second termination and Civil Action No. 05-1352 which was procured by fraud on the court." He asks that we review all record evidence in the 2005 case and vacate the judgment in that case, claiming that the United States Attorney in that case submitted contradictory and perjured affidavits and that the District Court was insensitive and biased against him.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order dismissing Fullman's complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the order denying Fullman's motion for reconsideration for abuse of discretion.[3] See Koshatka v. Phila. Newspapers, Inc., 762

---

[2]The Appellees also note the scope of Fullman's litigation history (which extends to suits against other federal, state, and local agencies and organizations) and that the District Court previously warned Fullman "to refrain from attempting to 'reconfigure' his gripes with the 1989 denial of workers' compensation claims and/or his employment and subsequent termination from the Postal Service." Fullman v. United States of America, No. 07-1663, 2007 WL 2262906, *4 (E.D. Pa. Aug. 7, 2007).

[3]We note that Fullman only specified the order denying his motion for reconsideration in his notice of appeal. However, the designated final order brings up the earlier order for our review in this case (we note that in his informal brief, which Fullman filed despite the

3

F.2d 329, 333 (3d Cir. 1985).  Upon review, we will summarily affirm the District Court's decisions because no substantial issue is presented on appeal.  See L.A.R. 27.4; I.O.P. 10.6.

Most of Fullman's claims were barred by res judicata.  Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit.  See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 (1984).  Many issues that Fullman discussed in his complaint are the issues he raised, or could have raised, previously regarding the rejection of his workers' compensation claim and his terminations from his employment.  See, eg., Fullman v. Potter, 480 F. Supp. 2d 782 (E.D. Pa. 2007), *aff'd,* 29 F. App'x 919 (3d Cir. 2007); Fullman v. Henderson, 146 F. Supp. 2d 688 (E.D. Pa. 2001), *aff'd,* 29 F. App'x 100 (3d Cir. 2002).  In fact, in his complaint, see, e.g., Complaint ¶ 9, and in his motion for reconsideration, he requested review of his earlier lawsuits in light of what he described as new evidence.   Also, Fullman concedes in his response to the Appellees' motion for summary affirmance that he is seeking to relitigate the claims that he raised in E.D. Pa. Civ. No. 05-cv-01352, which were rejected in the Fullman v. Potter decisions.

---

stay of the briefing schedule, he requests review of the order dismissing his case).  See, e.g., Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).

To the extent that Fullman presented new allegations in his complaint relating to the "EEO," they were allegations not against EEOC, which he named as a defendant, Complaint ¶ 4, but against the Equal Employment Opportunity office of the Postal Service, see id. at ¶¶ 6-8, 10-12, 14, & 19, Exhibits A & B.[4] See 29 C.F.R. § 1614.102 (describing an agency's obligation to create and support an equal opportunity program that processes claims of discrimination). Construing the claims against the "EEO" as claims against the Postal Service, which he also named as a defendant, we conclude that they also were properly dismissed. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on any basis supported by the record).

Fullman claimed that the EEO office of the Postal Service violated his rights in a myriad of ways by dismissing his new complaint because it stated a claim already decided and it expressed dissatisfaction with the processing of previously filed complaints. However, from Fullman's own allegations, it is clear that Fullman was again presenting claims already decided and expressing dissatisfaction with the processing of his previously filed complaints. See Complaint ¶¶ 10-14. Fullman did not state a claim by alleging that the EEO office complied with regulations that require dismissal under such circumstances. See 29 C.F.R. § 1614.107(a)(1) & (8).

In short, the District Court properly dismissed Fullman's complaint pursuant to 28 U.S.C. § 1915(e). Although the District Court did not explicitly consider whether it

_____

[4]There were no claims against the EEOC.

would be futile for Fullman to amend his complaint, it is unclear how Fullman could have rescued his complaint in an amendment. Accordingly, the District Court did not abuse its discretion in failing to give Fullman an opportunity to amend. See Shane v. Fauver, 213 F.3d 113, 115-17 (3d Cir. 2000) (holding that unless amendment would be futile, a district court must give a plaintiff the opportunity to amend a complaint that fails to state a claim).

Furthermore, the District Court did not abuse its discretion in denying Fullman's motion for reconsideration. A motion for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence," see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), not to restate already rejected arguments, which is what Fullman did in his motion.

For these reasons, we grant the Appellees' motion and will affirm the District Court's decisions.