BLD-228                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1877
_____

ANDREW FULLMAN,
                                        Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES;
UNITED STATES POSTAL SERVICE, AGENCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-1352)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
June 24, 2010

Before: RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2010)

_____

OPINION
_____

PER CURIAM

Andrew Fullman, proceeding pro se, appeals two orders of the District Court

denying several post-judgment motions related to his employment discrimination case.

For the reasons set forth below, we will summarily affirm.  See I.O.P. 10.6.

I.

The Postal Service terminated Fullman for failing to disclose, as required by his employment application, that he was previously employed by the Postal Service, and had been terminated in 1989 for filing a false worker's compensation claim.  In 2005, Fullman filed a filed a complaint in the District Court alleging that the appellee, inter alia, discriminated against him based on his race, color, and sex, and engaged in retaliatory discharge in violation of Title VII.  The District Court granted summary judgment in favor of the appellee, and we affirmed.

In February 2010, Fullman filed a motion for reconsideration essentially requesting re-adjudication of his employment related claims by offering "newly discovered evidence" of fraud upon the court.[1]  The District Court treated it as a motion pursuant to Federal Rule of Civil Procedure 59(e), or alternatively, a motion pursuant to Federal Rule of Civil Procedure 60(b)(2) and denied it as untimely.  In March 2010, Fullman filed an "amended" post-judgment motion for reconsideration as well as a motion for disqualification of the District Court Judge.  The District Court again denied the reconsideration motion as untimely and denied the motion for disqualification on the merits.  This appeal followed.

---

[1] The motion raises issues identical to the those Fullman raised in a separate complaint which the District Court dismissed pursuant 28 U.S.C. § 1915(e), and is before this Court on appeal.  See Fullman v. Potter, Civ. No. 10-1256.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review the District Court's orders denying Fullman's motions for reconsideration, as well as his motion for disqualification, for abuse of discretion. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

The District Court did not abuse its discretion in denying Fullman's post-judgment motions for reconsideration. We agree that the motions were untimely under Rule 59(e) because they were filed more than twenty-eight days after the entry of the order granting summary judgment, see Fed. R. Civ. P. 59(e), and untimely under Rule 60(b) because they were filed "more than a year after entry of judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c)(1). We further conclude that the District Court did not abuse its discretion in denying Fullman's motion for disqualification as the motion states no conceivable basis for disqualification. See Liteky v. United States, 510 U.S. 540, 555 (1994).

As Fullman's appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

3