BLD-131                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3989
_____

ANDREW FULLMAN,
                              Appellant

v.

JOHN E. POTTER, POSTMASTER GENERAL;
UNITED STATES POSTAL SERVICE;
EQUAL EMPLOYMENT OPPORTUNITY COMMISIONER (EEOC) AGENCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-04910)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2011)
_____

OPINION
_____

PER CURIAM

Andrew Fullman filed a complaint <u>in</u> <u>forma</u> <u>pauperis</u>, naming, as defendants, the

Postmaster General, the United States Postal Service ("Postal Service"), and the Equal

Employment Opportunity Commission ("EEOC"). The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), stating that Fullman had filed his complaint as a means to seek review of the decisions in his five earlier cases against the United States Postal Service. The District Court explained that the doctrine of res judicata precluded the relitigation of Fullman's claims. Fullman filed a motion for reconsideration, which the District Court denied.

Fullman appealed. We summarily affirmed the District Court's judgment because no substantial issue was presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. Among other things, we held that most of Fullman's claims were barred by res judicata. We compared his claims to those in his earlier lawsuits and concluded that any issues Fullman discussed in his complaint were the issues he raised, or could have raised, previously regarding the rejection of his workers' compensation claim and his terminations from his employment. See, eg., Fullman v. Potter, 480 F. Supp. 2d 782 (E.D. Pa. 2007), *affirmed* 29 F. App'x 919 (3d Cir. 2007); Fullman v. Henderson, 146 F. Supp. 2d 688 (E.D. Pa. 2001), *affirmed* 29 F. App'x 100 (3d Cir. 2002). We also noted that Fullman was specifically requesting review of his earlier lawsuits.

After our ruling and our denial of his subsequent request for rehearing, Fullman returned to the District Court. He filed a motion entitled "Motion to Submit Newly Discovered Evidence pursuant to Rule 60(b) and Request to File Proper Forum." Fullman asserted that he obtained a new medical summary from a spine specialist that

2

confirmed the earlier findings of another doctor relating to injuries he suffered in 1989. He stated that his evidence completely undermined the defendants' defense of the case. He asked for relief and for leave to file in the proper forum.

The District Court dismissed Fullman's motion as frivolous. Fullman filed a notice of appeal, in which he challenged the District Court's order and asserted that the District Court was biased against him. We notified Fullman that his appeal was subject to possible summary action.

Fullman responded by arguing that he presented new medical evidence in a Rule 60(b) motion that would show that he had not filed a false workers' compensation claim and that he should not have been terminated from employment with the United States Postal Service. The Appellees responded by arguing that summary action is appropriate in this case. Detailing Fullman's long and unsuccessful litigation history related to the rejection of his workers' compensation claim and his terminations from his employment, the Appellees also moved for an order prohibiting Fullman from bringing similar or identical claims against them without leave of court. Fullman opposes the Appellees' motion, arguing that he has not abused his access to the courts. Instead, he argues, he is simply seeking justice based on new evidence about the basis of his injury. He attributes his lack of success on his claims to misrepresentations by the Appellees.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm the District Court's order because no substantial issue is presented on appeal. See L.A.R.

3

27.4; I.O.P. 10.6. Despite the District Court's earlier rejection of his claim, our rejection of his appeal, and our denial of his petition for rehearing, Fullman again returned to the District Court with another medical report (evidence that could have been discovered previously) to litigate the same claims. As the District Court concluded, the motion was without merit. The District Court did not err in dismissing it. We also note that Fullman's claim of bias is without foundation in the record.

Next, we consider the Appellees' request for an injunction. It is within the broad scope of the All Writs Act, 28 U.S.C. § 1651, for a court to issue an order restricting the filing of meritless matters by a litigant who continues with great frequency to raise meritless claims identical or similar to those that already have been adjudicated. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). Fullman has raised the identical or similar claims in several unsuccessful District Court lawsuits. See Fullman v. United States of America, No. 07-1663, 2007 WL 2262906, *4 (E.D. Pa. Aug. 7, 2007) (warning Fullman "to refrain from attempting to 'reconfigure' his gripes with the 1989 denial of workers' compensation claims and/or his employment and subsequent termination from the Postal Service"). He also continues to explicitly seek review of our earlier rulings. See Fullman v. Potter, 385 F. App'x 263, 265 (3d Cir. 2010) (*per curiam*). Additionally, Fullman repeatedly asks the District Court to reevaluate previously decided cases based on what he terms "new evidence" relating to what happened in 1989 or claims of alleged fraud or judicial bias. In 2010 alone, after we affirmed the District Court's orders,

4

Fullman filed eight such motions in the District Court. He has also involved the Equal Employment Opportunity Commission by naming it as a defendant and an appellee but not actually making claims against it. See, e.g., Fullman, 385 F. App'x at 266.

We do not disagree with the Appellees that Fullman's claims have been numerous and without merit. For this reason, we grant their motion in part, pursuant to the All Writs Act, which gives us authority to issue the injunction in support of our jurisdiction, which is "exclusively appellate." United States v. Mayer, 235 U.S. 55, 65 (1914); see also In re Philadelphia & Reading Coal & Iron Co.,103 F.2d 901, 903 (3d Cir. 1939). Specifically, absent leave of this Court, Fullman is prohibited from further appellate court litigation raising claims identical or similar to those that have already been adjudicated against the United States Postal Service, the Postmaster General, the Equal Employment Opportunity Commission, federal officials or employees, or any federal agency related to (a) the resolution of Fullman's 1989 workers' compensation claim in connection with an alleged work related injury; and/or (b) Fullman's termination on March 20, 1989, by the Postal Service for filing a false workers' compensation claim; and/or (c) subsequent attempts by Fullman to obtain re-employment with the Postal Service. To the extent that the Appellees wish for similar relief in the District Court, they may apply there.