BLD-246                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1983
_____

MARLENE RYDER,
Ethel-Mae Williams for the Witnessing of the Parse-Syntax-Grammer
of the Vasalees Fraud-Documents

v.

*TERRENCE J. MCCABE, ESQ.;
MCCABE, WEISBERG AND CONWAY, P.C.;
MARC S. WEISBERG, ESQ.;
*EDWARD D. CONWAY, ESQ.;
MARGARET GAIRO, ESQ.;
EVERHOME MORTGAGE COMPANY

MARLENE RYDER,
Appellant

*(Amended pursuant to Clerk's Order dated 5/1/12)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-00179)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted on Appellees' Motion to Dismiss the Appeal or for Summary Affirmance
August 2, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: August 20, 2012)
_____

OPINION
_____

PER CURIAM

Marlene Ryder appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which granted the Defendants' motion to dismiss her complaint. Before us primarily is Appellees' (Defendants below) motion to dismiss the appeal, also construed as a motion for summary affirmance.[1] Because the appeal is properly before us, we decline to dismiss the appeal. However, for the reasons given in the Appellees' motion, we find that the appeal presents no substantial question. We will therefore summarily affirm the District Court's order, pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.[2]

Marlene Ryder filed an incomprehensible, seven-page complaint in the District Court. It appears that the subject matter of the complaint may be related to a mortgage foreclosure action that was filed in the state court. The Defendants filed motions to dismiss on three grounds: (1) the complaint failed to state a claim upon which relief may be granted; (2) the complaint was barred by the Rooker-Feldman doctrine; and (3) the District Court lacked jurisdiction at the time the complaint was filed because the Federal Bankruptcy Court for the Eastern District of Pennsylvania had exclusive jurisdiction over

---

[1] We address the remaining pending motions in footnote 4, infra.

[2] We may summarily affirm an order appealed from where it appears that no substantial question is presented. I.O.P. 10.6. "Before taking summary action, the court will afford the parties an opportunity to submit argument in support of or in opposition to such disposition *if briefs on the merits have not already been filed*." Id. (emphasis added). Ryder has already filed her informal brief, and it does not address the District Court's

Ryder's property. Ryder did not file an answer to the Motions to Dismiss. The District Court granted the Defendants' motions, and dismissed the complaint with prejudice. Ryder filed a timely notice of appeal.[3]

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss for failure to state a claim is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556 (2007)).

The District Court properly dismissed the complaint. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007) (district court may enter final order dismissing complaint that fails to state a claim for relief where plaintiff has not requested leave to amend). As noted previously, the complaint is incomprehensible. The first page of the complaint contains the heading, "For the Claim

---

reasons for dismissing her complaint. Furthermore, Appellees' motion put her on notice of the reasons that her appeal was without merit, and Ryder has responded to that motion.

[3] Ryder has attached to her notice of appeal over 180 pages of documents. As these documents are not part of the District Court record, we do not consider them. In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).

of the Violation of the False-Claims-Act of the evidence CIVIL COMPLAINT FOR

FORECLOSURE-Void-Now-Time For the Plaintiff is with the Demanding of the trial by

the Jury." Ryder does not explain how the False Claims Act applies or how it was

violated. Indeed, it is difficult to understand what, if any, claims Ryder intends to raise.

Similarly, the syntax and grammar of the complaint make it difficult to understand

whether Ryder is asserting any factual matter. Because the District Court properly

dismissed the complaint for failure to state a claim, we need not reach the other

arguments set forth in Appellees' motion to dismiss.

For the foregoing reasons, we conclude that no substantial question is presented by

this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's

judgment.[4]

---

[4] Ryder's "Motion for Emergency Injunction" is dismissed. "[U]nless an appeal be taken from the refusal or neglect of a lower tribunal to grant an injunction, our authority to grant injunctive relief must proceed from the so-called 'All Writs' Section of the Judicial Code, Section 262, 28 U.S.C.A. § 377, and may be exercised by us only as auxiliary to and strictly in aid of our appellate jurisdiction." In re Philadelphia & Reading Coal & Iron Co., 103 F.2d 901, 903 (3d Cir. 1939); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25 (1943) (authority of court of appeals to issue writs is restricted by statute to those cases in which writ is in aid of appellate jurisdiction). Because we are denying Ryder's appeal, granting the motion for injunctive relief would not aid our jurisdiction. Ryder's other outstanding motions are also denied. See Sewak v. I.N.S., 900 F.2d 667, 673 (3d Cir. 1990) ("As an appellate court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts.").