DLD-302                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3155
_____

GEORGE K. TRAMMELL, III,
                              Appellant

v.

KERMICK BRAXTON TRAMMELL, SR.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-11-cv-00331)
District Judge:  Honorable Paul S. Diamond[*]
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: October 4, 2011)
_____

OPINION
_____

PER CURIAM

---

[*] Due to a vacant judgeship in the District of Delaware, the Honorable Paul S. Diamond of the Eastern District of Pennsylvania sat by designation.

George K. Trammell III appeals from the District Court's sua sponte dismissal of his complaint against Kermick Braxton Trammell, Sr.[1] For the following reasons, we will summarily affirm.

George's virtually incomprehensible pro se complaint suggests that his claims arise out of a dispute with Kermick over the estate of his late father, George Trammell, Jr. George asserts that his father left everything to him, and implies that Kermick is interfering with his inheritance in some respect. The complaint also alludes to proceedings in the Delaware courts concerning the estate.[2] The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), on the basis that George's allegations are "totally implausible, attenuated, and devoid of merit."[3] (July 6, 2011 Order 4.) George timely appealed.

---

[1] To avoid confusion, we will refer to George Trammell III as "George" and Kermick Trammell as "Kermick."

[2] Publicly available documents from the related state court proceedings reveal that, after George's father died intestate, George was appointed administrator of the estate. In re Estate of Trammell, No. 271-S, 2010 WL 692328, at *1 (Del. Ch. Feb. 9, 2010). Kermick, also a son of the decedent, filed a petition to remove George as the administrator. At a hearing on that petition, George acknowledged that he failed to communicate with Kermick about the estate, noting that "he intended to carry out his father's 'true' wishes, that the estate should go to [him] solely and not to Kermick." Id. Finding several justifications for removing George as the administrator, the Chancery Court granted Kermick's petition and substituted him as the successor administrator of the estate. The Delaware Supreme Court affirmed that decision. See Trammell v. Trammell, No. 213, 2010 WL 4137728, at *1 (Del. Oct. 21, 2010).

[3] In light of that ruling, the District Court denied as moot George's motion for injunctive relief.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review the District Court's dismissal of George's complaint as frivolous for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). We may summarily affirm on any basis supported by the record provided that no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We find it difficult to assess whether George's allegations lack any arguable basis in fact because we have trouble discerning any factual allegations at all from the complaint. See Denton, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."). Nevertheless, we agree that the District Court's dismissal was entirely appropriate, as it lacked jurisdiction over the complaint. Although the complaint cites 28 U.S.C. § 1331, we perceive no basis for a federal claim. George's complaint clearly arises out of a family dispute, as opposed to a violation of his civil rights. Furthermore, to the extent George raises claims under state law, there is no basis for diversity jurisdiction because both parties reside in Delaware. See 28 U.S.C. § 1332.

Since George's appeal does not present a substantial question, we will summarily affirm the District Court's dismissal of his complaint.