**DLD-301**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3154
_____

GEORGE K. TRAMMELL, III,
Appellant

v.

ALL OTHER COLLATERAL HEIRS OF
THE ESTATE OF MARIE JONES POLK;
JO ANN ROBINSON CARROLL,
severally et al.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-11-cv-00272)
District Judge:  Honorable Paul S. Diamond[*]
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: October 4, 2011)
_____

OPINION
_____

PER CURIAM

_____

[*]Due to a vacant judgeship in the District of Delaware, the Honorable Paul S.
Diamond of the Eastern District of Pennsylvania sat by designation.

George K. Trammell III appeals from the District Court's sua sponte dismissal of his lawsuit. For the following reasons, we will summarily affirm.

## I.

Trammell brought this lawsuit against Jo Ann Robinson Carroll on behalf of himself and "all other collateral heirs of the estate of Marie Jones Polk," Trammell's deceased aunt. The complaint, which is virtually unintelligible, appears to assert constitutional claims against Carroll on the basis that she deprived Trammell and other family members of property they inherited when Polk passed away in 1967. Trammell insinuates that Carroll caused the deed showing Trammell's ownership to "vanish" from the computer system at the Sussex County "recorder of deeds" and suggests that she created a fraudulent will purporting to be Polk's.

The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), on the basis that Trammell's allegations are "totally implausible, attenuated, and devoid of merit," and concluded that amendment would be futile.[1] (July 6, 2011 Mem. 4.) Trammell timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review the District Court's dismissal of Trammell's complaint as frivolous for abuse of discretion.

---

[1] The District Court also denied without prejudice Trammell's motion for a temporary restraining order because he failed to sign it. Trammell never refiled a signed copy of his motion.

2

See Denton v. Hernandez, 504 U.S. 25, 33 (1992). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not abuse its discretion in dismissing Trammell's complaint because the complaint lacks an arguable basis in fact and law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Trammell's factual allegations – especially that Carroll stole his property by making recorded deeds vanish from public records – are simply unbelievable. See Denton, 504 U.S. at 33. Additionally, we cannot discern a legal basis for Trammell's claims that Carroll violated his constitutional rights by stealing his property. Nothing in the complaint suggests that Carroll is a state actor subject to liability under 42 U.S.C. § 1983, see West v. Atkins, 487 U.S. 42, 48 (1988), or that Carroll was involved in a conspiracy to violate Trammell's constitutional rights. Furthermore, the District Court appropriately concluded that amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Accordingly, since no substantial question is raised by this appeal, we will summarily affirm.[2]

---

[2] We also agree with the District Court that, as a pro se litigant, Trammell may not represent parties other than himself. See 28 U.S.C. § 1654; see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).

3