**ALD-006**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3156
_____

GEORGE K. TRAMMELL, III,
individually and as beneficiary,
heir, of the late Mr. George K. Trammell, Jr.
also known as "Plucky",
Appellant

v.

LILLIES LOVE & CARE DAYCARE CENTER, individually and severally;
KERMICK BRAXTON TRAMMELL, SR., individually and severally,
a/k/a Bradford "Butch" Cannon, Jr.; KERMESHA L. TRAMMELL,
individually and severally; BONNIE MASTEN, of Wilmington Trust Bank;
LILLIE L. JACKSON TRAMMELL, individually and severally
a/k/a Lillie L. Thomas Trammell

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-00342)
District Judge:  Honorable Paul S. Diamond[*]

_____

Submitted by the Clerk for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: October 14, 2011)
_____

---

[*] Due to a vacant judgeship in the District of Delaware, the Honorable Paul S. Diamond
of the Eastern District of Pennsylvania sat by designation.

1

_____

OPINION
_____

PER CURIAM.

George K. Trammell III appeals from the District Court's sua sponte dismissal of his complaint. For the following reasons, we will dismiss the appeal.

Trammell filed a virtually incomprehensible pro se complaint against several defendants, apparently asserting claims arising from a dispute over his deceased father's estate.[1] Trammell contends that his father intended to leave the entire estate to him and implies that the defendants are improperly infringing on his inheritance. He also contends that the defendants are forcing him to sell his home, took sympathy cards that belong to him, and are harassing him. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), concluding that Trammell's allegations "are totally implausible, attenuated, and devoid of merit" and that he failed to state a claim under federal law. The District Court also concluded that amendment would be futile.

_____

[1] This is the second case that Trammell filed in the District Court concerning his father's estate. (See D. Del. Civ. A. No. 11-00331.)

2

Trammell timely appealed.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Because Trammell has been granted in forma pauperis status pursuant to 28 U.S.C. §

1915, we may dismiss his appeal under § 1915(e)(2)(B) if it has no arguable basis in law

or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Grayson v. Mayview

State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Trammell's appeal has no arguable

basis in law because the District Court lacked jurisdiction over his complaint. Although

the complaint cites 28 U.S.C. § 1331 and § 1343, we perceive no basis for a federal

claim. Trammell's claims clearly arise out of a family dispute, as opposed to a violation

of his civil rights. Furthermore, to the extent Trammell raises claims under state law,

there is no basis for diversity jurisdiction because at least one of the defendants resides in

Delaware, where Trammel also resides. See 28 U.S.C. § 1332. Accordingly, we will

dismiss Trammell's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] The District Court did not enter a separate order on the docket in accordance with Federal Rule of Civil Procedure 58. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 244 (3d Cir. 2006). Accordingly, Trammell had 180 days – 150 for the judgment to be considered "entered" under Federal Rule of Appellate Procedure 4(a)(1)(A) plus the usual 30 afforded by that rule – from the date that the District Court entered its order on the docket to appeal. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007); see also Fed. R. App. P. 4(a)(1)(A) & (a)(7)(ii). As his notice of appeal was filed in that time frame, his appeal is timely.

3