ALD-152-E                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1777
_____

In re:  GEORGE K. TRAMMELL, III,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 12-cv-00014)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 9, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: April 13, 2012)
_____

OPINION
_____

PER CURIAM.

Petitioner George Trammell, proceeding *pro se*, seeks a writ of mandamus.

Because Trammell has not demonstrated that he is entitled to such relief, we will deny his

petition.

As the Delaware Court of Chancery aptly characterized his filings in that forum,

Trammell's present petition is "an incomprehensible miasma" and is virtually

unintelligible.  Construing it liberally, as we must, United States v. Miller, 197 F.3d 644,

1

648 (3d Cir. 1999) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972), it appears his petition is rooted in the decision to remove Trammell from his position as the administrator of his late father's estate. As a result, he contends that he is being forced to sell his home at auction. Trammell has twice sought removal to federal court to challenge the sale, and each time his suits have been dismissed for lack of subject matter jurisdiction. See Trammell v. Trammell, No. 12-cv-0014 (D. De. Jan. 23, 2012); Trammell v. Trammell, No. 11-cv-0793 (D. De. Nov. 28, 2011).[1] He now seeks a writ of mandamus directing the United States Marshalls Service or the National Guard to prevent the scheduled auction of his property while he continues to litigate his claims. He argues that because the state court's decision was incorrect, the order it issued directing the sale of his home was beyond its subject matter jurisdiction.[2]

A writ of mandamus is a drastic remedy available only in extraordinary cases. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate, among other things, a clear and indisputable right to issuance of the writ. Hollingsworth v.

---

[1] He has also filed numerous other cases concerning his father's estate. See, e.g., Trammell v. Trammell, No. 11-3155, 446 F. App'x 530, 531 (3d Cir. 2011); Trammell v. Lillies Love & Care Daycare Ctr., et al., No. 11–3156, 448 F. App'x 188 (3d Cir. 2011); see also Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk, No. 11–3154, 446 F. App'x 437 (3d Cir. 2011) (abstruse complaint asserting claims regarding the estate of Trammell's deceased aunt).

[2] Trammell also alleges that the state courts and officials are, among other things, felonious, insurrectionist, corrupt, no good, and very, very racist. He provides no explanation for these allegations.

2

Perry, 130 S.Ct. 705, 710 (2010) (per curiam).  Trammell has not done so, and we will

therefore deny his petition.  The motion for future attorney's fees are denied.