ALD-175-E                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2231
_____

IN RE:  GEORGE K. TRAMMELL, III,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 12-cv-0014)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 8, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: May 17, 2012)
_____

OPINION
_____

PER CURIAM.

Petitioner George Trammell, proceeding *pro se*, seeks a writ of mandamus.

Because Trammell has not demonstrated that he is entitled to such relief, we will deny his

petition.

Construed liberally, United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)

(citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), Trammell's petition appears to stem

from a decision of the Delaware Court of Chancery to remove him from his position as

the administrator of his late father's estate.  According to Trammell, this decision resulted

in the forced auction of his home.[1]  Litigation over that decision and the sale of his home is ongoing in the state courts.  He has twice sought removal to federal court to challenge the auction, and each time the action has been remanded to the state courts.  See Trammell v. Trammell, No. 12-cv-0014 (D. De. Jan. 23, 2012);  Trammell v. Trammell, No. 11-cv-0793 (D. De. Nov. 28, 2011).  Trammell is currently pursuing an appeal to this Court challenging one of the District Court's orders remanding the case.[2]

Trammell presently seeks a writ of mandamus preventing proceedings in the state court relating to the sale of his home, and contends that the state courts lack jurisdiction over the matter during the pendency of his federal appeal.  This is simply not so.  See 28 U.S.C. § 1447(c) (after a district court has remanded an action to the state courts, they "may thereupon proceed with such case").  A petitioner seeking mandamus must demonstrate, among other things, a clear and indisputable right to issuance of the writ. Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 381 (2004).  Trammell has not, and we will therefore deny his petition.

---

[1]  Trammell has filed numerous federal complaints, most of which are nearly indecipherable and concern state litigation over his father's estate.  See, e.g., In re Trammell, 12-1777, 2012 WL 1242331 (3d Cir. Apr. 13, 2012) (denying petition for writ of mandamus seeking to prevent auction of Trammell's home); Trammell v. Trammell, No. 11-3155, 446 F. App'x 530, 531 (3d Cir. 2011); Trammell v. Lillies Love & Care Daycare Ctr., et al., No. 11–3156, 448 F. App'x 188 (3d Cir. 2011); see also Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk, No. 11–3154, 446 F. App'x 437 (3d Cir. 2011) (abstruse complaint asserting claims regarding the estate of Trammell's deceased aunt).

[2]  The merits of that appeal, C.A. No. 12-2057, are not at issue here.