CLD-194                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2057
_____

KERMICK B. TRAMMELL

v.

GEORGE K. TRAMMELL, III,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 12-cv-00014)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 13, 2012)
_____

OPINION
_____

PER CURIAM

        George K. Trammell, proceeding pro se, appeals an order of the District Court

remanding his action to the Court of Chancery of the State of Delaware.  Trammell is a

frequent pro se litigator; most of his suits are nearly indecipherable and concern state

court actions regarding his father's estate. See, e.g., In re Trammell, 12-1777, 2012 WL 1242331 (3d Cir. Apr. 13, 2012); Trammell v. Trammell, No. 11-3155, 446 F. App'x 530, 531 (3d Cir. 2011); Trammell v. Lillies Love & Care Daycare Ctr., et al., No. 11–3156, 448 F. App'x 188 (3d Cir. 2011); see also Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk, No. 11–3154, 446 F. App'x 437 (3d Cir. 2011) (abstruse complaint asserting claims regarding the estate of Trammell's deceased aunt). This action is no different, and appears to be rooted in the decision by the Court of Chancery to remove him from his position as the administrator of his late father's estate. As a result, he contends that he is being forced to sell his home at auction.

Trammell sought to remove his state proceedings to federal court. See Trammell v. Trammell, No. 11-cv-0793 (D. De. Nov. 28, 2011). The District Court determined that it lacked subject matter jurisdiction over the case and remanded; rather than appeal, Trammell then filed a second notice of removal. The District Court again determined that it lacked subject matter jurisdiction—the parties are not diverse, no federal question was presented, and Trammell did not show that he was unable to enforce his rights in state court. See Kline v. Sec. Guards, Inc., 386 F.3d 246, 251 (3d Cir. 2004) ("only state-court actions that originally could have been filed in federal court may be removed to federal court" under 28 U.S.C. § 1441); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (removal under 28 U.S.C. § 1443(1) appropriate only upon a showing that a

2

litigant "is denied or cannot enforce' that right in the courts of the state") (quotation omitted). It remanded the matter once more to the state courts, and Trammell appealed.[1]

Generally, an order remanding a case to the state court from which it was removed is not an appealable order, except where the case was removed pursuant to 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d); Glanton 107 F.3d at 1047. More specifically, except in a case removed under § 1443, § 1447(d) prohibits review of a remand order based on a district court's finding that it lacks jurisdiction, even if that finding is erroneous. See Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126-28 (3d Cir. 1998); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 749-50 (3d Cir. 1995). Here, the District Court's remand order was based on its finding that it lacked subject matter jurisdiction because diversity of citizenship was lacking. Thus, this Court has jurisdiction to review the District Court's remand order only to the extent Trammell removed his case pursuant to § 1443.

We discern no error in the District Court's determination that Trammell did not show that he was unable to enforce his rights in state court. The appeal is frivolous and

---

[1] The District Court entered its order remanding the case to the Court of Chancery on January 26, 2012, and Trammell filed a motion for relief from judgment 29 days later, on February 21, 2012. Under Fed. R. App. P. 4(a)(4)(A)(vi), a motion for relief from judgment filed "no later than 28 days after the judgment is entered" acts to enlarge the time to appeal. In this case the 28th day after entry of judgment fell on President's Day, February 20, 2012, the period continued to run an additional day. Fed. R. App. P. 26(a)(1)(C). Accordingly, Trammell's appeal is timely as to the District Court's remand order. He has not taken an appeal from the denial of his motion for relief from judgment.

presents no substantial question. We will summarily affirm. <u>See</u> 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.

This appeal is the latest in a series of nonmeritorious cases dealing with substantially the same issue. In his filings before this Court, Trammell appears to be attempting to draw attention away from the frivolous nature of his claims by focusing on alleged biases in the District Court and the state courts, including unfounded allegations of criminal wrongdoing. Proceeding pro se does not entitle him to file pleadings that are frivolous or repetitive or contain personal attacks. We warn Trammell that if he continues to do so, he may be subject to sanctions or an injunction.